WATERS-PIERCE OIL COMPANY ET AL. v. UNITED STATES & MEXICAN TRUST COMPANY ET AL.

Decided December 5, 1906.

**1.—Railway—Receiver—Mortgage Foreclosure—Classification of Claims.**

Where a railway has been placed in the hands of a receiver in process of foreclosure at suit of bondholders, claims of creditors for supplies furnished for its operation and maintenance before the receivership will not be entitled to payment out of the proceeds of the sale of the corpus of the property until the bonds secured by mortgage have first been satisfied, in the absence of an inequitable diversion of its earnings under the receivership to the betterment of the bondholders' security.

**2.—Same—Property Coming to Receivers' Hands.**

Claims for supplies furnished the railway for operation and maintenance before the appointment of a receiver, and coming to his hands and used by him, are not to be classed with debts created by the receiver, nor given priority of payment, on foreclosure sale, over the debts secured by the mortgage.

**3.—Same—Statutory Lien.**

Claims for coal or oil furnished for the operation of a railway are not for "material for construction or repairs" within the meaning of article 3294, Revised Statutes, nor protected by the lien thereby given.

**4.—Same.**

A claim for tools furnished the railway company is not one for "material for construction or repairs," nor entitled to a lien under article 3294, Revised Statutes.

**5.—Same.**

Claims for materials furnished for construction or repair of a railway, though entitled to a statutory lien (Rev. Stats., arts. 3294–3301), and though such lien has been fixed as prescribed by the statute, are not entitled to a lien on the railroad or its proceeds under foreclosure sale unless used for new con-

struction and constituting a betterment of the mortgagee's security; such lien is only enforceable against the particular building or article constructed or repaired.

#### 6.—Statute—Classification of Claims—Equity.

Judgments for ordinary debt recovered against a railway company in suits brought after the appointment of a receiver are not within the terms of article 1472, Revised Statutes, regulating the classification and priority of claims against funds coming into the hands of a receiver; and the court may, under its general equity powers, postpone their payment to claims for supplies, material and repairs used in operation and maintenance, and furnished within such time prior to the receivership as to equitably entitle them to preference in payment out of the net earnings of the road in the hands of the receiver.

Appeal from the District Court of Harrison County. Tried below before Hon. R. B. Levy.

*T. P. Young,* for Waters-Pierce Oil Company, appellant.—Where fuel oil, coal and material of that kind are furnished to a railroad within such reasonable time before the appointment of a receiver as to entitle the persons furnishing such material to the equitable consideration of the court, and where such material has been used in constructing, building, repairing and operation of the road, to the benefit of the mortgage bondholders, and the receiver is appointed on the application of the mortgage bondholders, in the absence of a diversion of the income, the persons who so furnish such fuel, oil, coal or other material of a like nature, are entitled, in equity, to a lien on the corpus of the mortgaged property, superior to that of the bondholders, when it appears that the earnings of the road in the hands of the receiver will be insufficient to pay such claims. McIllheny v. Binz, 80 Texas, 1; Miltenberger v. Loganport Ry. Co., 106 U. S., 286; Union Trust Co. v. Souther, 107 U. S., 591; Union Trust Co. v. Ill. Midland Ry. Co., 117 U. S., 434; U. S. Trust Co. v. Wabash Western Ry. Co., 150 U. S., 287; Thomas v. Western Car Co., 149 U. S., 95; Morgan Co. v. Texas Central Ry. Co., 137 U. S., 171; Kneeland v. Brass Foundry Works, 140 U. S., 592; Fosdick v. Schall, 99 U. S., 235; Finance Co. v. Charleston Ry. Co., 48 Fed. Rep., 188; Blair v. St. Louis Ry. Co., 22 Fed. Rep., 471; Thomas v. Peoria Ry. Co., 36 Fed. Rep., 471; Farmer's Loan and Trust Co. v. Kansas City Ry. Co., 53 Fed. Rep., 182; Clark v. Central Ry. Co., 66 Fed. Rep., 803; Kelly v. Receiver Green Bay Ry. Co., 5 Fed. Rep., 846; Putman v. Jacksonville Ry. Co., 61 Fed. Rep., 440; Turner v. Indianapolis Ry. Co., 8 (Bliss) U. S., 315; Dow v. Memphis Ry. Co., 20 Fed. Rep., 260; Newgrass v. Atlantic Ry. Co., 72 Fed. Rep., 712; Central Trust Co. v. Wabash Ry. Co., 30 Fed. Rep., 332; Columbus Railroad Appeal, 109 Fed. Rep., 177; Newgrass v. Atlantic Ry. Co., 56 Fed. Rep., 676; Farmer's Loan & Trust Co. v. Vicksburg Ry. Co., 33 Fed. Rep., 778; Poland v. Lamxoille Valley Ry. Co., 52 Vt., 144, 4 A. & E. Enc. of Law, 408; Fidelity Deposit Co. v. Shenandoah Valley Ry. Co., 86 Va., 1; McLane v. Placerville Ry. Co., 66 Cal., 606; Meyer v. Johnston, 53 Ala., 237; Wood v. N. Y. Ry. Co., 70 Fed. Rep., 741; 54 Am. St. Rep., notes pages 400-433; 83 Am. St. Rep., notes page 73; 20 Am. & Eng. Enc. of Law (1st ed.), pp. 434 and 435; 23 Am. & Eng. Enc. of Law, pp. 814-15-16; 2 Elliott on Railroads, sec. 528, pp. 707-710; 53

Fed. Rep., 182 (note by Mr. Cohn) ; 5 Thompson on Corporations, secs. 7114-7122.

One who furnishes oil, gasoline and other material of a like nature which is used in the construction of a railroad is entitled to the material-man's lien provided for in article 3294, Revised Statutes. Rev. Stats., art. 3294; 23 Am. & Eng. Enc. of Law (2d ed.), 720; Grant Powder Co. v. Oregon P. Ry. Co., 42 Fed. Rep., 470; Chemical Co. v. Green-field, 59 Mo. App., 6.

*Chas. E. Carter,* for Central Coal & Coke Company and H. L. S. Kniffen, appellants, relied on substantially the same propositions and authorities as above.

*F. H. Prendergast,* for Elliott Frog & Switch Company and Fairbanks Company, presented the same propositions and authorities.

*T. W. Davidson,* for appellants Adreon & Company, McAllester Fuel Co., C. A. Thompson, West Disinfecting Company, J. L. A. Thomas, Midland Valley Coal Company, Wheel Trueing Brake Shoe Co., Westing-house Air Brake Co., American Brake Co., A. Leschen & Sons Rope Co., Bolen-Darnall Coal Co., Moore-Jones Brass & Metal Co., and Sherwin Williams Co.—Where nuts, bolts, iron, brakes, coal, etc., are sold to a railway company and used in repairing the track, engines and cars, and in the operation of same, and where within four months after such sale, a lien is preserved by filing name with the county clerk, or where such filing is obviated by the institution of suit and the appointment of a receiver, then the owner of such debt has a lien upon the corpus of the property of said railway company to secure the payment of the debt. Rev. Stats., art. 3294; Constitution of Texas, art. 16, sec. 37; Strong v. Pray, 35 S. W. Rep., 1054; 2 Sayles' Texas Civil Practice, sec. 921; Keating Imp. and M. Co. v. Marshall Electric L. & P., 74 Texas, 605.

Where supplies and coal are furnished to a railway company within a reasonable time before the appointment of a receiver, and such sup-plies are actually used by the road in the operation, construction and repair thereof, and were necessary to keep the road a going concern, such supplies will be a superior equitable charge against the corpus of the railroad property in preference to the mortgage bonds, when it is shown that the net earning of the road under the receivership is not sufficient to pay such supply claims, even if there had been no diversion of the income of the road into betterments prior to the receivership. New York Guaranty & Indemnity Co. v. Tacoma Ry. Co., 83 Fed. Rep., 365; Miltenberger v. Logansport Ry. Co., 106 U. S., 286; Union Trust Co. v. Illinois M. Ry. Co., 117 U. S., 434; Billingham Bay Imp. Co. v. Railway Company, 49 Pac., 516; Litzenberg v. Trust Co., 28 Pac. Rep., 872; St. Louis A. S. Ry. Co. v. O'Hara, 52 N. E. Rep., 735; High on Receivers, sec. 394a (3d ed.), 394d; Fosdick v. Scholl, 99 U. S., 592; McIlhenny v. Binz, 80 Texas, 1.

Goods, wares, material and supplies taken in charge by a receiver, inventoried and used by the receiver in maintaining and keeping up the road, are entitled to preferential treatment, as goods purchased and debts incurred by the receiver in the management of the road. Rev. Stats., art. 1472.

*F. H. Prendergast,* for appellant Missouri Pacific Ry. Co. and *B. F. Young,* for appellant Marshall National Bank.—The court erred in holding that the debts of the Central Coal and Coke Company, and other interveners, assigned to class "E" should be preferred over the debts of the Marshall National Bank and the Missouri Pacific Railway Company, assigned to class "E," because the statute gives all the unsecured debts a lien on the earnings of the receiver and all are equal in the class to which they belong. Rev. Stats., art. 1472; Kampman v. Sullivan, 63 S. W. Rep., 173.

*T. S. Miller, A. H. McKnight* and *Cook & Gossett,* for appellees.— In the absence of a statute in force prior to the execution of a railroad mortgage giving such right, unless there has been an inequitable diversion of its earnings from operation to the betterment of the mortgagee's position and thereby a neglect to pay the demands of furnishers of supplies or material for operation or improvement of a railroad, the security of the mortgagee can not be subjected to, taken for, or charged with the payment of the demands of such furnishers of supplies or other material; and this is so, regardless of the degree of necessity for or time when such things were furnished. Farmers' Bank v. Waco Ry. Co., 36 S. W. Rep., 131-136; Giles (Receiver) v. Stanton, 86 Texas, 620; McIlhenny v. Binz, 80 Texas, 1; Randolph v. Farmers' Loan & Trust Co., 91 Texas, 605; Sullivan v. Texas Briquette Coal Co., 94 Texas, 544; Phillips v. Wise, 31 S. W. Rep., 428; Security Co. v. Caruthers, 32 S. W. Rep., 837; Ellis v. Vernon Ice & Coal Co., 86 Texas, 109; Gregg v. Metropolitan Trust Co., 197 U. S. 183; Gregg v. Mercantile Trust Co., 48 C. C. A., 318, 109 Fed Rep., 220; Fordyce v. Omaha & K. C. Ry. Co., 145 Fed. Rep., 544; Hunt v. Memphis Gas Co., 95 Tenn., 136.

A supplier of oil or coal or other supplies consumed in use by a railway company is not entitled to a mechanics' lien under art. 3294, Sayles' Statutes, 1897, or any other law of Texas. Article 3294, Sayles' Civil Statutes of Texas, 1897; Oppenheimer v. Morrell, 118 Pa. St., 189; Central Trust Co. v. Texas, etc., Ry. Co., 23 Fed. Rep., 703.

Even if a supplier of such matters used in such way was entitled to a statutory lien therefor, if the same are indiscriminately and indistinguishably used, partly on engines, cars and machinery while doing construction work, and partly on the same and other engines, etc., used in operation of the railroad for freight and passenger business, so that the amount used in one branch of service can not be ascertained and determined separately from that used in the other branch, for which no lien can possibly exist, no such lien can be enforced. Rev. Stats., arts. 3294, 3295, 3296, 3297, 3301, 3302; Texas Constitution, art. 16, sec. 35, 37; Cannon v. Williams, 14 Colo., 21; Baker v. Fessenden, 71 Maine, 292; Edgar v. Salisbury, 17 Mo., 271; Murphy v. Murphy, 22 Mo. App., 18; Gauss v. Hussman, 22 Mo. App., 115; O'Brien v. Haydock, 59 Mo. App., 653; Allen v. Elvert, 29 Ore., 428; 2 Jones on Liens, sec. 1323.

A furnisher of material supplies placed in a railroad already mortgaged is not entitled to a lien superior to such mortgage, even if statutory statement is filed in due time, unless it is clearly shown that such

material was for new construction and not for repair. Sullivan v. Texas Coal & Briquette Co., 94 Texas, 544; Rev. Stats., art. 3294, 3301.

A vendor of tools to a railway company to be used by it in and on the railroad in operating, repairing or construction (and a portion for operation) of the same is not entitled to a statutory lien therefor. Rev. Stats., art. 3294, et seq.; May Hardware Co. v. McConnell, 102 Ala., 577; Basshor v. Baltimore & O. Ry. Co., 65 Md., 99.

The vendor of supplies or material furnished for operation or repair or equipment of a mortgaged railroad in Texas has no statutory lien upon the railroad therefor as against a prior mortgage. Rev. Stats., arts. 3294, 3301, 3302; Sullivan v. Briquette Coal Co., 94 Texas, 544.

EIDSON, ASSOCIATE JUSTICE.—The appellants in this case were interveners in a receivership proceeding in the court below, in which appellee the United States & Mexican Trust Company was plaintiff, and the Texas Southern Railway Company was defendant. They obtained judgments in the court below for their respective claims against said defendant, which were assigned by a decree of the court to a class provided in the decree for unsecured creditors, and designated "E." The decree also gives preference to some claims placed in said class over others of that class. Some of the appellants herein appealed from the decree placing their claims in the unsecured class, and others appealed from the decree subordinating their claim to those of others in the same class.

Appellants do not appear to seriously contend that the finding of the court below that there was no inequitable diversion of the earnings of the road is not sustained by the evidence. However we are of opinion that such finding is amply supported by the evidence, as shown by the record.

We deem it unnecessary to discuss separately and in detail the various assignments of error presented and urged in the briefs of appellants. In our opinion, none of them are well taken. According to the record the claims of appellants who have filed briefs in this case with the exception of the Marshall National Bank and the Missouri Pacific Railroad Company, are for supplies, material and repairs used in the operation of the railroad prior to the appointment of the receiver, and those of said bank and railway company are for ordinary debt and not for operating expenses. Appellants, except the last two named, complain of the action of the court below in placing their claims in the class below the one in which the bonds of the company were placed, and the last two named appellants do not complain of their claims being classed below said bonds, but complain of the action of the court below in giving precedence to other claims of the same class over theirs. While there is some conflict in the decisions of the Federal Courts upon the questions raised by the assignments of error of appellants who complain of the action of the court below in placing their claims in the class below the bonds of the company, we are inclined to the view that where a railroad company is in the hands of a receiver, though at the instance of the holders of the mortgage, unless there has been an inequitable diversion of its earnings from operation to the betterment of the

mortgagees' position, the court has no power to appropriate the corpus of the property to the payment of claims for operating expenses in preference to the prior mortgage debt, in the absence of a statute at the time the mortgage was executed giving such claims a prior lien on the corpus of the property. And this doctrine is supported by the decisions of the Texas courts, and also by the later decisions of the United States Supreme Court. In the case of Farmers & Merchants National Bank v. Waco Electric Railway & Light Company, 36 S. W. Rep., 136, where there was a contest for priority of payment out of the corpus of the property between the bondholders and parties holding claims for operating expenses of the railroad prior to the receivership, this court, in passing on the question involved, used this language:

"A court administering the rights of litigants in accord with the principles of law and equity has no inherent right, simply by virtue of its judicial authority, to displace valid mortgage liens that are fixed upon the property, and which is subject to the liens, and require that such liens shall be postponed to claims which were not in existence at the time the mortgage liens were created, or are not based upon some contract or provision of the law which gives them a prior right over the mortgage liens. If the power is wanting in the court to appropriate the corpus of the property to the payment of the claims to the prejudice of the prior mortgage debts, an order made by the court in appointing a receiver that such illegal diversion should result is no more valid and binding than if made at some subsequent stage of the case. It results from this that our conclusion upon this branch of the case is that the trial court did not have the authority to appropriate any of the corpus for the property to the claims of the interveners in preference to the mortgage liens."

In the case of McIlhenny, Administrator, v. Binz, 80 Texas, 1, it was held that claims for operating expenses of the road, and for expenses in making useful improvements to the road to which the mortgage attached, were entitled to priority in payment out of the net earnings of the road while in the hands of the receiver; but there is nothing in the decision in that case tending to support the doctrine that such claims are entitled to priority in payment out of the corpus of the property. In the case of Randolph v. Farmers Loan & Trust Company et al., 91 Texas, 605, it is held that in the adjustment of claims upon the settlement of a receivership, as between the holders of claims against the corporation prior to the receivership, and holders of mortgages foreclosed upon the property under Revised Statutes, article 1490, the former have the superior lien upon the earnings of the corporation in the hands of the receiver, and are entitled to have such earnings fund reimbursed from the proceeds of the sale for money diverted therefrom for the betterment of the corpus of the estate. And it is said by the court in the case of Sullivan v. Briquette & Coal Co., 94 Texas, 544, "Giving to the claims of defendants in error the full force of liens of materialmen, the question arises were those liens superior to that of the bonds secured by a mortgage executed anterior to the time when the material was furnished? Independent of the statute, there can be no doubt that the bonds in this case secured by the mortgage or deed of trust would hold a prior lien over all other claims asserted in this action." Citing

McIlhenney v. Binz, supra; Trammel & Co. v. Mount, 68 Texas, 210, and on page 546, it is said: "Counsel for defendants in error cites McIlhenney v. Binz, 80 Texas, 1, in support of the judgment. In that case this court held that a court of equity might apply the earnings of a railroad while in the hands of a receiver to the payment of claims for improvements made within a reasonable time before the receiver was appointed in preference to the bonds which held a first lien upon the road, but it was not asserted that such claims could appropriate the corpus of the property. The force of the case as authority is against the proposition to which it is cited."

It seems that the better doctrine upon which to base the right of the receiver to create debts and make them a charge upon the corpus of the property is that it is his duty to preserve the property rather than to serve the public. In support of this view Justice Gaines, in the case of Ellis v. Vernon Ice, Light & Water Co., 23 S. W. Rep., 859, uses this language: "It is not clearly seen that the courts have the power to appropriate any part of the property subject to a mortgage in the interest of the public, or to impair the mortgagee's security, and the obligation of his contract, in order to discharge a duty the mortgagor owes to the public. But when a court has taken the control of property from its owners, and has placed it in the hands of its receiver, it is its duty to direct its management so as to preserve its value for the benefit of all parties at interest. This may be best accomplished by a continuation of the business, although such continued operation may involve the danger of some loss." But appellants' claims having been created prior to the receivership, do not come within the reason of the rule applicable to debts created by the receiver.

In the case of Gregg v. Metropolitan Trust Co., 197 U. S., 183, where the question was as to whether a claim for crossties essential to the replacement of ties decayed in current operation of the railroad, a large proportion of which were on hand when the receiver was appointed, and were used by him in the maintenance of the road, all being purchased within six months before the receivership, and it being agreed that the claim was for necessary operating expenses in keeping and using said railroad and preserving said property in a fit and safe condition, was entitled to precedence in payment out of the corpus of the property over the mortgage bonds, and it was held that it was not. and in passing on the question, the court used this language: "The case stands as one in which there has been no diversion of income by which the mortgagees have profited, or otherwise, and the main question is the general one, whether in such a case a claim for necessary supplies furnished within six months before the receiver was appointed should be charged on the corpus of the fund. There are no special circumstances affecting the claim as a whole, and if it is charged on the corpus it can be only by laying down a general rule that such claims for supplies are entitled to precedence over a lien expressly created by a mortgage recorded before the contracts for supplies were made. An impression that such a general rule was to be deduced from the decisions of this court led to an evidently unwilling application of it in New England R. Co. v. Carnegie Steel Co., 75 Fed. Rep., 54, 58, and perhaps in other cases. But we are of opinion, for reasons that need no further

statement (Kneeland v. American Loan & Trust Co., 136 U. S., 89; 97), that the general rule is the other way, and has been recognized as being the other way by this court." And in referring to the case of Miltenberger v. Logansport & C. Ry. Co., 106 U. S., 286, which is relied upon by appellants in this case, said court uses this language: "The case principally relied on for giving priority to the claim for supplies is Miltenberger v. Logansport, etc., Ry. Co., 106 U. S., 286. But while the payment of some pre-existing claims was sanctioned in that case, it was expressly stated that 'the payment of such debts stands, prima facie, on a different basis from the payment of claims arising under the receivership.' The ground of such allowance as was made was not merely that the supplies were necessary for the preservation of the road, but that the payment was necessary to the *business of the road*—a very different proposition. In the later cases the wholly exceptional character of the allowance is observed and marked." Citing Kneeland v. American Loan & Trust Co., 136 U. S., 89, 97-8, and other cases. In the case last stated it is held that the appointment of a receiver does not vest in the court absolute control over the property, nor general authority to displace vested contract liens.

As to the claims of appellants for furnishing coal and oil to the railroad company, in our opinion, such claims are not for "material" within the meaning of article 3249, Sayles Revised Statutes, giving to the furnisher of material a lien on the railroad. (Central Trust Co. v. Texas, etc., Ry. Co., 23 Fed. Rep., 703.)

As to the contention of those appellants a part of whose supplies sold to the railroad company were on hand when the receiver took possession, that their claims, to the extent of the value of such supplies so on hand should have been placed in the class with the debts created by the receiver, we hold same not to be sound. This property having been acquired before the appointment of the receiver, stood upon the same footing as any other property owned by the railroad company at the date of the appointment of the receiver, and it was his right and duty to use it the same as such other property. (Gregg v. Metropolitan Trust Co., supra.)

Appellants' claim for tools furnished to the railroad company are not included within the statutory lien, as such lien extends only to material furnished. (Art. 3294, Sayles' Rev. Stats.)

Insofar as any of appellants' claims are for material furnished for construction or repair of the railroad, such claims are subordinate to the rights of the holders of the mortgage bonds, as the mortgage was on the railroad at the time of the inception of the lien given by the statute in favor of the holders of such claims. And this would be the case if such appellants had complied with the statute in reference to fixing and securing such lien, unless such material was for new construction, constituting a betterment, and thus increasing the security of the mortgagee, which the finding of the court below and the evidence failed to show. (Arts. 3294 to 3301, Sayles' Rev. Stats.; Sullivan v. Texas Briquette & Coal Co., supra.) While it is true that by section 37, article 16 of the State Constitution, a lien is given in favor of materialmen upon the buildings and articles for which they have furnished the material to erect and repair, in our opinion this provision does not give to one

furnishing material for the construction or repair of a railroad, a lien upon the railroad, but would give a lien upon the particular building or article made or repaired with the material furnished. However, appellants did not in the court below, nor do they here, seek to establish or enforce a lien upon any particular building or article to erect or repair which they have furnished the material.

With respect to the insistence of appellants Marshall National Bank and Missouri Pacific Railroad Company that the court erred in subordinating their claims to those of others of the same class, upon the ground that article 1472, Sayles' Revised Statutes, fixes the manner of disbursing funds coming into the hands of the receiver and provides the order in which such earnings are to be paid out, giving certain classes of claims a lien thereon, and embracing such claims as those of these appellants, and that the action of the court complained of was in violation of this statute, in our opinion, the claims of these appellants do not come within any class enumerated in said statute. The only one of the classes designated in the statute which could possibly be claimed to include claims of the character of these appellants is the sixth, which only embraces judgments recovered against the corporation in suits brought before the appointment of a receiver in the action, and the record shows appellants' claims to be based on judgments obtained in suits brought after the appointment of the receiver. However, this would not relieve the receiver from liability for their payment. (People v. Yoakum, 25 S. W. Rep., 1001.) But these claims not being within any class designated in said article, the court below could not be controlled by the provisions of said article prescribing the order in which certain designated claims should be paid. Hence the court below, in passing upon the question of priority of payment as between these appellants and others placed in the same class, had the authority, under its general equity powers, to decide such question in accordance with what it deemed equitable and just under the circumstances relating to such claims; and the decree recites as the basis for the precedence given other claims of the same class over those of these appellants, that such other claims are found to be for supplies, material and repairs used in the operation of the defendant's railroad by it within such time and under such circumstances as in the judgment of the court will entitle the holder thereof to have same paid pro rata as between themselves, out of the net earnings, if any there be of the receivers from operation of said road in preference to other "E" class judgments not of the same merit in equity, which, in our opinion, shows the action of the court to have been fully warranted.

The assignments of error of those appellants who have filed no briefs will not be considered by us.

We have carefully considered all of the questions raised by appellants in their briefs, and are of opinion that none of them should be sustained. The judgment of the court below is affirmed.

*Affirmed.*

Applications for writs of error in this case were made in the Supreme Court as follows: No. 5356, by the Central Coal & Coke Co. and its sureties; No. 5357, by Adreon & Co., McAllester Fuel Co., C. A. Thomp-

son, West Disinfecting Co., J. L. A. Thomas, Midland Valley Coal Co., Wheel Trueing Brake Shoe Co., Westinghouse Air Brake Co., American Brake Co., A. Leschen & Sons Rope Co., Bolen-Darnall Coal Co. of Texas, Moore-Jones Brass & Metal Co., and Sherwin-Williams Co., and their sureties; No. 5358, by H. L. S. Kniffen and his sureties; No. 5359, by Elliott Frog & Switch Co., and its sureties. All the applications for writs of error were refused.