## OWEN et al. v. GRIFFIN.
### No. 2474.

Court of Civil Appeals of Texas. El Paso.
Dec. 18, 1930.

Rehearing Denied Jan. 15, 1931.

Cummings & DeBusk, of Abilene, and W. J. Oxford, of Stephenville, for appellants.

W. J. Cunningham and J. M. Chandler, both of Abilene, for appellee.

WALTHALL, J.

Appellee, Guy Griffin, doing business under the name of the Abilene Builders' Supply Company, brought this suit against L. E. Erwin, J. R. Fielder, Charles Dawson Owen and wife, Maggie Owen, H. H. Hardin, the Maccabees, a fraternal benefit association, to recover upon an alleged indebtedness of $415.73, and interest thereon, and to foreclose upon a portion of a mechanic's lien of the contractor Erwin to satisfy said debt.

Briefly stated, the petition alleges that in 1927 and 1928 Griffin sold to Hearn & Crutcher, subcontractors under L. E. Erwin, contractor, under a written contract with Owen and wife, to construct a dwelling house on "the East 50 feet of Lot No. 14 in Block B, Darby Subdivision of the South one-half of Block No. 1, of the North Park Addition to the City of Abilene, Taylor County, Texas," "a large amount of materials and furnished money for labor for the construction and finishing of the said Owen dwelling house * * * the materials and money so furnished * * * to be used and same were used in the construction and erection of" said dwelling house; that Erwin was the general contractor and contracted in writing with Owen and wife for the erection of said building; that Hearn & Crutcher had a subcontract under Erwin to do the painting, papering, and finishing work, and the materials, and money for labor were furnished by plaintiff to be used in said building under the contract between Erwin and Owen and wife, and under the subcontract between Hearn & Crutcher and Erwin, and to the value and sum of $415.73, that Hearn & Crutcher gave him (plaintiff) an order on Erwin for $500, the amount Erwin was to pay for said materials; that plaintiff notified Erwin of such order; that plaintiff is subrogated to the rights of said subcontractors, alleged demand and refusal to pay and the legal liability of Erwin to plaintiff by reason of the matters pleaded. Plaintiff further alleged the filing of an instrument in writing for the purpose of fixing a lien on said property and which plaintiff alleges had the effect of fixing

such lien. Plaintiff alleges that defendant Fielder, acting for himself and as the agent of defendant Hardin and Erwin, executed an instrument in writing and filed same of record, by the terms of which they guaranteed and assumed the payment of all claims and bills for materials and labor used in the erection of said dwelling house, the petition stating the legal liability of said defendants by reason of said instrument.

Plaintiff further alleged that in order to secure Erwin and all other persons who might furnish materials and labor to Erwin, Owen and wife on November 10, 1928, executed a mechanic's lien note in the sum of $7,500, payable on or before sixty days after date, and executed a mechanic's lien on said property in favor of Erwin, in the construction of said dwelling house and to secure the payment of said note; that Owen and wife have paid only $5,000 on said note, and are under obligation to pay plaintiff's claim.

As to Hardin it is alleged that after appellee had furnished the material to Hearn & Crutcher, Erwin transferred a portion of the mechanic's lien note and mechanic's lien to Hardin, who in turn transferred it to Central State Bank, and the bank transferred same to the Maccabees, who are claiming a superior lien to that of appellee.

The defendant Maccabees was dismissed out of the suit and we need not state the pleading as to that organization.

Defendant Fielder answered by general denial, and specially that he acted only as the agent and manager for Hardin.

Defendant Hardin answered by general denial; denies that the written instrument executed by Fielder would in law bind him to pay plaintiff's claim; that plaintiff was not a party to the transaction in which said instrument was executed; and that same was not made for plaintiff's benefit.

Owen and wife answered by general denial, and further say they have paid the contract price for the construction of said building as alleged by plaintiff; allege they had no notice of any outstanding claim when final payment was made, but that after making inquiry as to claims due subcontractors they were informed that all outstanding claims were paid, whereupon they paid the full contract price. Owen and wife pleaded in the alternative that if they are not in any way liable or that there is a lien on their said property, they ask judgment over against all other defendants.

Owen and wife plead a cross-action against Erwin and say that Erwin did not complete the construction of said building according to the contract, plans, and specifications, stating wherein same was not done as contracted, and pray as their pleading indicates.

Defendant Erwin answered by general denial and asks that plaintiff take nothing by his suit.

The case was tried to the court without a jury. The court made no findings of fact other than as stated in the judgment. The court recites in the judgment that it appeared from the evidence that Owen and wife owned the lot described in the petition, describing same; that in 1927 Owen and wife contracted with Erwin as general contractor to erect on said property a two-story brick veneer house and garage, and in the contract gave a mechanic's lien in favor of Erwin on said property to secure the payment of said $7,500; that the contract was executed and acknowledged as required by law for the making of improvements on a homestead, and duly recorded; that Owen and wife have paid only $6,300 of the $7,500; that Hearn & Crutcher had a subcontract with contractor Erwin to furnish the material and do the painting and paper hanging in said house for the sum of $500; that plaintiff, Guy Griffin, furnished material to Hearn & Crutcher to be used, and which was used, in the improvements on the property as described, and advanced money to Hearn & Crutcher to pay for their labor on said job; that Hearn & Crutcher completed the work under the terms of their subcontract with Erwin, and the house was accepted by Owen and wife; that Hearn & Crutcher assigned their subcontract to plaintiff, Guy Griffin; that plaintiff Griffin is subrogated to the rights of Hearn & Crutcher; that plaintiff Griffin complied with the law in fixing his materialman's lien on said property.

The court entered judgment that plaintiff recover of Erwin, Hardin, and Owen and wife the sum of $426.10, being the principal and interest sued for, and costs; that plaintiff take nothing against Fielder; that the materialman's lien be fixed upon said property, describing same, and ordered the lien foreclosed, ordered a sale of the property and distribution of the proceeds. The court adjudged that Owen and wife take nothing against Hardin, and that Hardin take nothing against Owen and wife; adjudged that Hardin recover of Erwin the amount he may be required to pay plaintiff Griffin; adjudged that Owen and wife recover of Erwin whatever sum they may be required to pay Griffin.

Owen and wife and Hardin excepted and gave notice and have perfected their appeals.

### Opinion.

Appellee objects to a consideration of appellants Owen and wife's assignments of error and has filed a brief of the several grounds suggested in the motion; several of the points set out in the motion are well taken. Some of the matters presented in the record, however, we think show fundamental error, and, without discussing appellee's motion, we prefer to discuss some parts of the record which, in our view of the case, necessitate a reversal in part.

In the first place, neither appellee's petition nor appellant's answer presents the issue of a homestead, though the parties themselves and the court in the judgment refer to the property as the homestead of appellants, and the case seems to have been tried on the theory that the property was the homestead of Owen and wife.

Appellee alleges that he sold to Hearn & Crutcher, subcontractors in the erection of the dwelling house in question, a large amount of materials and furnished money for labor for the construction and finishing of the said Owen dwelling house, and that "the materials and money so furnished the said Hearn & Crutcher were to be used and same were used in the construction and erection" of the Owen dwelling house. The value of the materials and money furnished by appellee to subcontractors Hearn & Crutcher is the amount for which appellee sues, and the furnishing of the materials and money as stated constitutes the basis of appellee's suit and his right to a mechanic's lien on the dwelling house and its foreclosure. Hearn & Crutcher gave appellee the following:

"Abilene, Tex., Dec. 3, 1927.

"Mr. L. E. Erwin:

"Please pay to the Abilene Builders' Supply Co. the sum of $500.00 (five hundred and no cents) for materials and labor on the L. E. Erwin job, located on the corner of Beech and Ambler streets."

Appellee pleads the giving of such order, and alleges that by reason thereof he is subrogated to all the rights of subcontractors Hearn & Crutcher by reason of Erwin's contract lien as contractor with Owen and wife.

The judgment recites that appellee furnished material to Hearn & Crutcher to be used, and which was used, in the improvement of said property, "and advanced money to the said Hearn & Crutcher to pay for their labor on said job," and gave judgment against appellants for the amount of appellee's claim and ordered foreclosed the contract mechanic's lien of Erwin to satisfy appellee's claim.

■ The question then is presented: Can one, though a materialman, furnishing material to a contractor or subcontractor by advancing money to the contractor or subcontractor to pay for labor on the building, have a claim against the owner, or a mechanic's lien against the building?

The statute, article 5452, provides: "Any person or firm, lumber dealer or corporation, artisan, laborer, mechanic or sub-contractor who may labor or furnish material, machinery, fixtures or tools," to erect a house shall have a lien on such house "to secure payment for the labor done, lumber, material, machinery or fixtures and tools furnished for construction or repair." The statute does not by its verbiage fix a lien for money advanced.

Money furnished by a materialman to pay for labor is a nonlienable item. Waters-Pierce Oil Co. v. Trust Co., 44 Tex. Civ. App. 397, 99 S. W. 212; First National Bank v. Campbell, 24 Tex. Civ. App. 160, 58 S. W. 628, a writ of error denied. Hewitt v. Buchanan (Tex. Civ. App.) 4 S.W.(2d) 169 (by the Eastland court) paragraph 33, in which Murphy and Mayfield intervened, sought recovery and to have established a materialman's lien for money loaned by them to the contractor to be used in the building, and in which recovery was denied. In Gaylord v. Loughridge, 50 Tex. 573, our Supreme Court quoted with approval from Godeffroy v. Caldwell, 2 Cal. 491, 56 Am. Dec. 360, the following:

"The mechanic's lien law provides exclusively for the security of materialmen and laborers; and one who advances money as a loan, although expressly for the payment of materials and labor devoted to the erection of the building, can have no claim to the benefit of the law."

In the same case the court said the statute embraces any person who furnishes material which entered into the structure of the building, and not a loan of money with which to purchase the same. We have concluded that it was fundamental error to render judgment against Owen and wife for the amount of money advanced by appellee to Hearn & Crutcher to pay for labor, and to foreclose the mechanic's lien to satisfy same.

■ The next question we will consider is the one of notice to the owner of appellee's claim.

On March 24, 1928, appellee wrote the following to C. D. Owen:

"Dear Sir:

"This is to notify you that Mr. L. E. Erwin owes us a balance of $415.73 for material and labor furnished on your home, and unless same is paid within the next ten days we will be forced to take such action as will be necessary to protect ourselves."

A similar letter was sent to Owen on April 21, 1928. No itemized account was attached to either letter.

Subdivision 3 of article 5453 of the Statute provides that within ninety days after such indebtedness accrues, one who furnished material to or performed labor for a contractor or subcontractor to construct or repair a house or building shall give written notice to the owner of each and every item furnished and showing how much is due and unpaid, and shall file with the county clerk of the county an itemized account of his or their claim to be recorded, etc.

Appellee filed with the county clerk within ninety days an itemized account of his claim.

■ The above article requires both the notice to the owner and the filing of the account. Verbal notice or actual knowledge of the own-

er that materials were in fact furnished is not sufficient to secure or fix the lien. Berry v. McAdams, 93 Tex. 431, 55 S. W. 1112. The only written notice to the owner found in the record is that contained in the above letters. They are not sufficient, under the Berry v. McAdams Case, to fix the lien on the property.

We feel safe in saying that the record before us shows that appellee was not entitled to a lien or its enforcement upon appellant's property. Was appellee entitled to a personal judgment against appellants for any amount? That is a more difficult question. The courts have not been uniform in their holding on the subject of a personal judgment, arising largely from the provision of statute, the system of procedure in the several states, and character of the suit brought. It seems clear to us, however, that appellants being only secondarily liable, and there being no privity of contract between appellee and appellants, in the absence of a statutory right to a personal judgment a materialman has no such right, the suit here not being that of a contractor or subcontractor, but that of a materialman furnishing material to a subcontractor who has failed to establish a materialman's lien. 18 R. C. L. p. 991, .992, and notes; Volker-Scowcroft Lumber Co. v. Vance, 36 Utah, 348, 103 P. 970, Ann. Cas. 1912A, 124, 24 L. R. A. (N. S.) 321, and notes. In Waldroff & Leary v. Scott, 46 Tex. 1, Judge Roberts says:

"This authorizes him [the mechanic] to fix a lien upon the house and lot, or land, which may be enforced by a judgment against the owner, subjecting that property to the payment of the debt, but does not authorize him to recover a general judgment in personam against the owner for the debt claimed, to be collected out of his property generally, as other judgments rendered against him for his own debts."

We have found no other Texas case discussing the question of the right to a personal judgment against the owner.

We have discussed the case, as to appellants Owen and wife, on the theory that the property was not the homestead of appellants. We omit a discussion of other questions that might be pertinent should the property be deemed the homestead.

As to appellant Hardin, the court found that on January 26, 1928, Erwin and Hardin guaranteed and assumed in writing the payment of all bills on the building Erwin had contracted to build for Owen and wife and had received a consideration therefor, and by reason thereof became liable to appellee for his debt, and so rendered judgment in favor of appellee against Erwin and Hardin for the full amount of said debt.

The record shows that on November 10, 1927, Owen and wife executed to Erwin a mechanic's lien contract for the erection on said property of said building, for the stated consideration of $7,500, the consideration to be paid expressed in one certain promissory note of Owen and wife payable to Erwin or order. The contract was duly executed by Owen and wife and recorded.

On the same day Erwin, for the stated consideration of $7,500 to be paid by Hardin, sold, assigned, and conveyed to Hardin the Owen note together with the mechanic's lien securing same, and all rights under the building contract. That transfer and assignment was on the same day duly acknowledged, and on December 12, 1928, duly filed, and later recorded.

Erwin contracted the painting, papering, and finishing part of the work on the building to Hearn & Crutcher, to whom appellee furnished the material and advanced the money to pay labor on the job, as in the itemized account.

On January 26, 1928, Erwin and Hardin, acting through Fielder, made an affidavit "that all bills are paid, or will be paid, on a certain house and all improvements on (describing the Owen property) out of the $5,000 loan made by the Central State Bank."

It is appellee's contention that the above affidavit constitutes the guaranty obligation to pay his debt. It will be noted that Hardin had assigned to him the Owen note, all the lien and interest, and obligation Erwin had and to which the materialman could look to secure the payment of any debt he might have against Erwin, Owen, or the property, and obligated himself that all bills will be paid growing out of the execution of the Erwin contract with Owen.

We have concluded that Hardin is liable to appellee under the obligation for the items of the account sold to Hearn & Crutcher for which appellee could have fixed a lien, but not for the money advanced for which no lien could have been fixed.

From the items in appellee's account it appears that the aggregate of $217 is for money advanced, and for which no recovery is allowed against either Owen and wife or Hardin.

The judgment as to Owen and wife is reversed and here rendered in their favor.

The judgment as to Hardin is here modified so as to deny recovery for $217, the advanced money part of the account sued for, and render judgment for appellee against Hardin for $198.73, and interest thereon, the value of the goods sold by appellee to Hearn & Crutcher. The judgment of the trial court is not otherwise disturbed.

Judgment reversed and rendered in part, and modified in part, and, as modified, rendered.