## DAVENPORT v. HARRY PAYNE MOTORS, Inc.

### No. 10025.

Court of Civil Appeals of Texas. Austin.

March 5, 1952.

Powell, Wirtz & Rauhut, Robert C. McGinnis and W. Morgan Hunter, all of Austin, for appellant.

Frank D. Kerbow, Austin, for appellee.

GRAY, Justice.

This appeal is from a judgment, rendered upon a nonjury trial, overruling appellant's plea of privilege wherein she alleged her residence to be in Harris County.

The suit was filed June 5, 1951, and appellant's two points are to the effect that the uncontroverted evidence shows that throughout the month of June, 1951, appellant was a resident of Harris County, and that there is no evidence to support a finding that appellant was a resident of Travis County at any time during the month of June, 1951.

The evidence shows that appellant owns ranch properties in Travis County and in other counties in the State. She also owns property in Harris County where she maintains an apartment and an office. She pays her poll tax and votes in Harris County. Since 1920, appellant has been coming to Austin attending to her business before the Railroad Commission and before the Legislature. In 1946 or 1947, she purchased a ranch in Travis County and has made improvements on it, these improvements include two houses, one she called the superintendent's house and the other the servants' quarters. She contemplated building a large house on the ranch, employed an architect, had plans for it drawn and received bids for its construction. After the bids were received she abandoned her purpose of building the house about the first of 1951, because the cost was so high, materials were scarce and she decided she did not need it. She then added a room to the superintendent's house. This was all prior to the time the suit was filed. In November, 1950, she reserved a suite of rooms at an Austin hotel and kept it until in June, 1951, when the Legislature adjourned. During this time she attended to her business in Travis County and the making of improvements on her ranch there. She also attended to her business at other places. Upon leaving the hotel suite she first went to Houston to get "some things" to bring out to the ranch in Travis County. She then went to the ranch since which time she has occupied the superintendent's house, though she has been away often. She is single, has a telephone at the ranch in her name, which she got about June 1, 1951, and her personal chauffeur and his wife reside there. Her business interests in counties other than

Travis require her attention and she makes trips to those counties and remains there for indefinite periods of time. Except when she travels by plane, her chauffeur drives her to such other places. She said her permanent residence is in Harris County and further testified:

"Q. What is your intention as to future residence on your ranch in Travis County? A. Well, they are very much up in the air at the present time, because I am not going to build a large house the way conditions are, and I doubt if I ever build it.

"Q. Do you intend to reside out there? A. I will be coming here off and on.

"Q. Off and on for what purpose? A. Just to take care of my business and any legislative business.

"Q. Any different from what you have in the past? A. Sir?

"Q. Any different from what you have in the past? A. I doubt very much, because I am going to put cattle out there, heads of cattle out there.

"Q. Any different from your visits to Starr County and Hidalgo County? A. Not much.

"Q. And Refugio? A. Not much."

Service of process was had in Travis County.

Appellee said appellant came to his place of business in Austin in November, 1950, and that after that time he saw her in Austin or on her Travis County ranch on an average of once a week. Telephone calls by appellee relative to business transactions and assistance rendered by appellee to appellant in finding and securing materials for improvements on her Travis County ranch were frequent. It does not accurately appear what portion of appellant's time was spent in Travis County and elsewere, but it does appear that she has consistently returned to her abode in Travis County after making trips to other counties.

The bill for the debt here sued for was sent to appellant's Houston office, and correspondence was sent to that office and to appellant in Travis County. Appellant said that except for "just a few little minor things that don't amount to anything" her bills were paid from her Houston office which was in charge of her secretary. Appellee was familiar with the fact that the bills were paid from Houston.

Our Supreme Court has definitely declared the law to be that, for venue purposes, a person may have more than one residence, and that a suit may be maintained against such person in either county where a residence is maintained. Pearson v. West, 97 Tex. 238, 77 S.W. 944; Pittsburg Water Heater Co. of Texas v. Sullivan, 115 Tex. 417, 282 S.W. 576; Snyder v. Pitts, Tex., 241 S.W.2d 136, 140.

In Snyder v. Pitts, supra, the Court said:

"A second residence away from a domicile within the meaning of the first sentence of art. 1995 must include the following elements:

"1. A fixed place of abode within the possession of the defendant

"2. occupied or intended to be occupied consistently over a substantial period of time

"3. which is permanent rather than temporary."

Appellant's possession of her hotel suite, and, after its abandonment, of the superintendent's house on her Travis County ranch is some evidence to meet requirement one, supra.

Her occupancy of her place of abode in Travis County (first, the hotel suite and then the superintendent's house) had been consistent over a period of at least seven months at the time the suit was filed. She does not say she does not intend to occupy the superintendent's house in the future as she has in the past. She does say she intends to put cattle on the ranch and that her improvements are not complete. The fact that she may have abandoned her plan to build a large house on the Travis County ranch is not conclusive evidence of her future intention because she then added to the superintendent's house and occupied it which is evidence that it was sufficient to meet her needs, and together with the other evidence was sufficient to present an issue of fact as to whether or not her residence was temporary or permanent.

◼◼ The evidence in its entirety was sufficient to present an issue of fact as to appellant's residence in Travis County for venue purposes. Page v. Kilgore, Tex.Civ. App., 181 S.W.2d 730. The trial court having found from the evidence that such residence was established, this Court is not authorized to disturb the finding and appellant's points are overruled.

The judgment of the trial court is affirmed.