## DAVENPORT v. HARRY PAYNE MOTORS, Inc.
### No. 10110.

Court of Civil Appeals of Texas.
Austin.
March 11, 1953.

Powell, Wirtz & Rauhut, R. C. McGinnis, W. Morgan Hunter, by W. Morgan Hunter, all of Austin, for appellant.

Frank D. Kerbow, Austin, for appellee.

HUGHES, Justice.

Harry Payne Motors, Inc., appellee, sued appellant Mrs. O. H. Davenport upon a verified account for the purchase price of a disc plow and disc harrow and for attorneys' fees under Art. 2226, Vernon's Ann. Civ.St.[1]

A jury trial resulted in verdict and judgment for appellee for $468.86, cost of the implements, and $350 attorneys' fees.

There are four points of error, the first of which relates to the court's charge to the jury.

The court propounded this issue to the jury:

"Do you find from a preponderance of the evidence that the double disc plow, when properly operated, would satisfactorily plow the tillable land located on Mrs. O. H. Davenport's ranch?"

A similar issue was submitted regarding the harrow. Both issues were answered "Yes."

Appellant's objection to these issues was because "it fails to limit the issue to the suitability when attached to defendant's Jeep."

Appellant pleaded[2] that the plow and harrow were designed as attachments for a Jeep, were otherwise without value and that before ordering these attachments from appellee that "Harry Payne, president of Plaintiff, holding himself out as

1. Proper venue of this case was determined by us in Davenport v. Harry Payne Motors, Inc., Tex.Civ.App., 247 S. W.2d 452.

2. A proper denial of the verified account was made.

an expert in such matters, inspected a certain ranch of Defendant located in Travis County. Following such inspection he represented to Defendant that the said disc plow and disc harrow, if attached to a certain jeep he had previously sold Defendant, would be suitable for use on such tract of ground and would effectively plow and harrow the same."

Appellant also pleaded reliance upon such representations and alleges knowledge on the part of Mr. Payne "that she contemplated use of such equipment on that particular tract of ground and nowhere else."

Appellant then alleged that the plow and harrow were unsuitable for use on her land, when attached to a Jeep, and could not satisfactorily plow or harrow such land and that she had refused to accept delivery of either implement. Her prayer was that the sale be rescinded and that appellee take nothing by its suit.

We have read the statement of facts and find ample evidence to support negative answers to both of the issues mentioned above if the court had qualified or limited the issues as suggested by appellant.

We doubt if appellee has challenged the sufficiency of the evidence in this respect although there is stated in its brief that "Nowhere in the evidence is there even an intimation that this equipment is to be limited in its use while attached to a jeep, or on any particular tract of land."

In any event we quote briefly from the testimony of appellee's Mr. Payne who was an experienced farmer:

"Q. Mr. Payne, you had been out, I believe to Mrs. Davenport's ranch a number of times before you sold her any of the equipment that is involved in this suit? A. I would say I had been out there several times before I sold her, and I had been out there many times altogether.

\* \* \* \* \*

"Q. Now, at the time you made the sale and placed the order for Mrs. Davenport, you told her, did you not, that the plow would work satisfactorily on her land? A. Yes, sir.

"Q. You knew, did you not, that she was relying on you and your judgment at the time that was done? A. Sure; I was glad she did.

"Q. And the same is true in connection with the harrow, is it not, that you told her it would work in her land? A. That's right.

"Q. Work satisfactorily on her land? A. That's right.

"Q. And you knew that she was relying on your judgment on that? A. Yes, sir.

\* \* \* \* \*

"Q. It was contemplated between you and Mrs. Davenport at the time of the sale that this equipment was going to be attached to her Jeep? A. Sure.

"Q. You knew she was not planning to put it on a Farmall tractor or International or anything else, but bought specifically by her for use on this Jeep you sold her? A. Yes, sir."

Since the pleadings and the evidence present issues in conformity with appellant's objection it was error for the trial court to overrule such objection.

Appellant's second point is that the judgment is erroneous because there is no evidence of market value of the plow and harrow. This question should not recur upon retrial.

The last two points relate to the allowance of attorneys' fees appellant contending that the plow and harrow were not "material furnished" within the meaning of Art. 2226, V.A.C.S., and that there was no evidence that appellee's claim had been presented within the time prescribed by such statute.

Art. 2226 provides that persons having a valid claim for, inter alia, "material furnished" may, as therein provided, recover a reasonable amount as attorney's fees.

Webster's Unabridged International Dictionary, 1934, defines "material" as being "The substance or substances, or the parts, goods, stock or the like, of which anything is composed or may be made; as raw materials." The same authority defines "mate-

rials" as "The apparatus or implements necessary to the doing of anything; as writing materials."

Appellant prefers the former definition and appellee the latter.

It may be noted that the statute uses the singular term and this persuades acceptance of its definition in interpreting the statute. This definition does not by its broadest and most inclusive meaning embrace a plow or harrow.

■ Our decision, however, does not rest entirely upon such narrow ground.

Art. 2226 is a penalty statute and must be strictly construed. Perry v. Leuttich, 132 Tex. 159, 121 S.W.2d 332. If, then, there is a reasonable doubt as to whether this statute includes ordinary farm implements the doubt should be resolved in behalf of appellant.

In Waters-Pierce Oil Company v. United States and Mexican Trust Company, 44 Tex.Civ.App. 397, 99 S.W. 212, 214 (writ denied) this Court construed Art. 3294, Revised Statutes 1895, Vernon's Ann.Civ.St. art. 5452, which provided a lien for persons who furnished "any material" for the construction or repair of a railroad not to include tools furnished the railroad company because the statutory "lien extends only to material furnished."

In Mutual Lumber Co. v. Sheppard, Tex. Civ.App., 173 S.W.2d 494, 498, this Court, in an opinion by Associate Justice Blair, construed the words "building material" as used in the Chain Store Tax Law, Vernon's Ann.P.C. art. 1111d, as not including hand tools, the Court saying:

"Running through all the cases representing the majority thought is the view, however, that the words 'building materials' are limited to those things which go into and become a part of a building, edifice or structure, and for that reason the cases hold that hand tools like the ones listed are not 'building materials.' Such hand tools, hammers, saws, screw drivers, etc., are not building materials. They are used only in the fabrication or construction of the edifice, structure or building. They are implements and tools for

building, but they survive their use, and unlike the building materials actually wrought into the structure they do not perish with their use in connection with the construction of the building."

See also American Indemnity Co. v. Burrows Hardware Co., Tex.Civ.App., 191 S. W. 574 (San Antonio) which ascribes to the Legislature a definition of the word "material" as not including machinery and tools.

While the question presented is not entirely free from doubt we are of the opinion that a disc plow and a disc harrow are not "material furnished" within the meaning of Art. 2226.

This conclusion dispenses with the necessity of discussing appellant's last point.

The trial court's judgment is reversed and this cause is remanded.