Wayne ANDERSON, Appellant,

v.

Frank L. KING, Jr., Appellee.

No. 7510.

Court of Civil Appeals of Texas.

Texarkana.

Sept. 3, 1963.

J. D. McLaughlin, Fisher, McLaughlin & Harrison, Paris, for appellant.

Pat C. Beadle, Clarksville, for appellee.

FANNING, Justice.

Frank L. King, Jr., sued Wayne Anderson for unlawful conversion of a truck of the alleged value of $1625.00 and of a trailer of the alleged value of $95.00, aggregating the total sum of $1,720.00, and King in the alternative sued for $1,720.00 as the purchase price for the truck and trailer which Anderson had agreed to pay when buying such property as the highest bidder at a public auction sale. King also sought judgment for $400.00 as a reasonable attorney's fee.

Trial was to the court with the aid of a jury. The jury's responses to the special issues submitted were favorable to plaintiff, with the jury finding in effect that neither plaintiff nor his agents, etc., made a guaranty or representation to defendant that the truck was in excellent condition on the date of its purchase by defendant, and also finding that such truck was in excellent condition at the time it was purchased by defendant. The jury also found that the value of the truck was $1625.00. Judgment was rendered for plaintiff for $1720.00, plus $400.00 attorney's fees, and certain stated interest and for costs. Defendant Anderson has appealed.

Appellant presents five points on appeal. His first three points are grouped and raise the contentions that the trial court erred in entering judgment for the purchase price of the truck because appellee failed to establish a title thereto with the consideration failing, because appellee relies upon an unlawful and void transfer of title to support the consideration therefor and further that the trial court erred in entering judgment because of the failure to join as a party King Construction Company, owner of the truck, contending that it was a necessary party to the suit.

On February 3rd, 1961, Blake Moore Associates conducted a public auction sale at the ranch owned and operated by Frank L. King, Jr., near Clarksville, Red River County, Texas, under the name of "Cuthand Ranch", to sell any property and equipment gathered there for the sale. Appellant Anderson was the highest bidder upon two items of equipment offered for sale, namely, a 1960 model Dodge pickup truck with 4 wheel drive and a four wheel trailer, and appellant gave his check in the amount of $1720.00, dated Feb. 3, 1961, drawn upon a bank in Paris, Texas, payable to Blake Moore Associates in payment therefor, of which sum $1,625.00 represented payment for the truck and $95.00 for the trailer. The truck and trailer purchased by appellant at such sale was delivered to him upon delivery of his check.

After the sale was closed the check was endorsed by Blake Moore Associates and delivered by them to appellee King for deposit in his bank for collection. At the time of the deposit of the check in the bank for collection there was attached to it an envelope in which were enclosed the certificate of title to the truck and its current registration receipt. The assignment on the back of the certificate of title was signed "King Construction Co., by Frank L. King, Jr., Pres.," before a Notary Public of Red River County, Texas.

Before the check was presented to the bank upon which it was drawn for payment, appellant stopped payment on the check. He claimed the truck was mechanically defective and the breach of an express warranty as to its condition as a reason for stopping payment on the check.

Under the record in this case the evidence shows that the legal title to the truck

was in King Construction Company, a corporation. The record is not conclusive as to whether the legal title to the trailer was in King or in the corporation, but it was in one of them.

However, Frank L. King, Jr., who had possession of the truck and trailer on his "Cuthand Ranch", was President of King Construction Company, a corporation, and was the sole owner of all of the stock of said corporation. Thus King Construction Company was a "one man corporation" with Frank L. King, Jr., as its President and sole owner of all of its stock. Also no rights of any creditors of King Construction Company (if it has any creditors) are involved in this suit.

While the legal title to the truck was in King Construction Company, a corporation, the beneficial or equitable ownership of the assets of the said corporation was owned by appellee Frank L. King, Jr., the President and sole owner of all of the stock of said corporation. In this connection see Arkansas Pass Harbor Company v. Manning, 94 Tex. 558, 63 S.W. 627; Boston & Texas Corp. v. Guarantee Life Ins. Co., Tex.Civ.App., 233 S.W. 1022, writ refused.

The legal title to the truck being in the corporation, the equitable or beneficial title to the truck being in King as sole owner of all of the stock of the corporation, with there being no rights of any creditors of the corporation being involved herein, and with the corporation, by King as its President, executing the written assignment, it is clear that such assignment passed title to the truck to appellant Anderson. The fact that the name of the purchaser was left blank in the assignment does not make the assignment invalid as between the parties under this record as it is clear that appellant Anderson had the implied authority to fill in his name as the transferee in the blank space therefor in the assignment. In this connection Blake Moore, the auctioneer testified: "That was the instructions that were given before

they purchased the vehicle, that Mr. King would sign the titles and leave them open where they could be transferred onto their names, which is common practice around the auction business." Also in this connection see World Fire and Marine Insurance Co. v. Puckett, Tex.Civ.App., 265 S. W.2d 641, wr. ref., n. r. e., wherein it was stated: "The name of the transferee was not filled in upon this application, but the party to whom the application was delivered was impliedly authorized to fill in the blank." Also in Rush v. Smitherman, Tex. Civ.App., 294 S.W.2d 873, wr. ref., it was stated: "So, despite the failure to transfer the certificate and the Act's declaration that the non-transfer will render the sale void, *as between the parties and when the purposes of the Act are not defeated, the sale is valid.*" (emphasis added).

While undoubtedly it would have been preferable practice for the corporation, the owner of the legal title to the truck, to have brought the suit in question here and while it was in all respects a proper party to bring the suit or join in the suit, we hold that under the unusual facts in this cause it was not a necessary party. The suit was on two counts, for conversion and for the purchase price of the truck and trailer. The judgment for the value of the truck and trailer can be supported on both theories. With respect to the theory of conversion a recovery by King for the value of the truck and trailer can be very clearly supported. He was in possession of the truck and trailer at the time of the conversion and was also the owner of the equitable title to the truck and trailer. In 42 Tex.Jur., Trover & Conversion, Sec. 21, p. 530, 531, it is stated in part as follows: "In some of the cases it is simply said that in order to maintain trover a plaintiff must have had some right or title to the chattel in question at the time of the alleged conversion. In other decisions it is declared that the plaintiff must have had either a general or special ownership and, in addition, either possession or the right to immediate possession

of the property in question. * * * actual possession of a chattel at the time of its conversion is sufficient prima facie evidence of the right to maintain trover except as to the true owner or one claiming under him. * * *" It is our further view that under the unusual facts in the case at bar that King, as President and sole owner of all of the stock of the corporation, could also recover on the second theory as well, to-wit, for the purchase price of the truck and trailer, without the necessity of joining the corporation as a party to the suit. The act of King in selling the truck and trailer at public auction to Anderson and his execution of the assignment to the truck, as President of the corporation, of which King was the sole owner of its entire stock, was binding on the corporation. See 10 Tex.Jur., Sec. 50, "One Man" Corporations, pp. 651–2–3. Since the corporation was bound by King's acts and suit it could not recover again in another suit against Anderson for the truck and trailer under the facts in this case. Also whatever accounting King would make to King Construction Company, King's "one man" corporation, would be of no concern to appellant Anderson, there being no creditor's rights involved herein.

Appellant's 1st, 2nd and 3rd points are overruled.

By his fourth point appellant contends that the trial court erred in rendering judgment for the purchase price of the trailer, which was $95.00, contending that the appellant had theretofore tendered same to appellee. This suit was filed by appellee on April 13, 1961. Appellant offered to pay for the trailer in his first amended original answer filed Nov. 10, 1962, however no deposit of money or of a check accompanied

the offer made in the pleadings, nor was there any proof offered that if such a check had been tendered that it was good, nor was there any tender of money or of check (shown to be good) made prior to that time. Under this record no lawful tender was ever made by appellant for the purchase price of the trailer. Appellant's 4th point is overruled.

Appellant by his 5th point contends to the effect that as a matter of law appellee was not entitled to an attorney's fee in this cause.

Art. 2226, Vernon's Ann.Civ.St., footnote 1, the statute with respect to attorney's fees, is penal in nature and must be strictly construed. Perry v. Leuttich, 132 Tex. 159, 121 S.W.2d 332; Huff v. Fidelity Union Life Insurance Company, 158 Tex. 433, 312 S.W.2d 493.

The contention made by appellee in support of the attorney's fee item is that the pickup truck and trailer were "material furnished" within the meaning of such term under Art. 2226, V.A.C.S.

In Davenport v. Harry Payne Motors, Inc., Tex.Civ.App., 256 S.W.2d 245, it was held that the term "material furnished" as used in Art. 2226, V.A.C.S., did not embrace a disc plow or a disc harrow and that attorney's fees in a suit upon verified account for purchase of such farm implements was not authorized. The Davenport case cited, among other authorities, American Indemnity Co. v. Burrows Hardware Company, Tex.Civ.App., 191 S.W. 574, which case ascribed to the Legislature a definition of the word "material" as not including machinery and tools.

---

1. "Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts, may present the same to such person or corporation or to any duly authorized agent thereof; and if, at the expiration of thirty (30) days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such person or corporation, he may also recover, in addition to his claim and costs, a reasonable amount as attorney's fees, if represented by an attorney."

Also in King Construction Company v. Flores, Tex.Civ.App., 359 S.W.2d 919, wr. ref., n. r. e., it was held that a dragline, dragline buckets, clam shell buckets, a pump and section hose were not "material furnished" within the meaning of Art. 2226, V.A.C.S.

The only case cited by appellee in support of his position that the pickup truck and trailer were "material furnished" within the meaning of Art. 2226, V.A.C.S., is the case of United States of America for the use and benefit of Caldwell Foundry and Machine Co., Inc. v. Texas Construction Company et al., 5 Cir., 237 F.2d 705. We think such case is clearly distinguishable from the facts in the case at bar as evidenced by the following quotation from said case, to-wit:

> "Appellees further call attention that, in the case of Davenport v. Harry Payne Motors, Inc., Tex.Civ.App., 256 S.W.2d 245, 247, it was held that a disc plow and a disc harrow are not "material furnished" within the meaning of Article 2226 of the Revised Civil Statutes of Texas, footnote, 1 supra. The plow and harrow were, of course, only tools and implements used to plow and cultivate the farm, and the reason for the holding was that they did not enter into any structure and were not consumed. *On the other hand, the hoisting machinery here involved was actually installed and became a part of the Lavon Dam.* Under the rationale of that case, we think that this hoisting machinery is 'material furnished'." (Emphasis added.)

Appellant's 5th point is sustained.

The judgment of the trial court is modified by deleting the $400.00 item of attorney's fees therefrom and as modified the judgment of the trial court is affirmed.

In view of the modification made we deem it equitable to adjudicate the costs in the following manner: Four-fifths (⅘) of the costs in the court below and in this court are taxed against appellant, and one-fifth (⅕) of such costs are taxed against appellee.

Affirmed as modified.