Isadore SANDOVAL, d/b/a Sandy's
Auto Sales, Appellant,

v.

Edward E. HARPER, Appellee.

No. 5708.

Court of Civil Appeals of Texas.

El Paso.

June 9, 1965.

Rehearing Denied July 14, 1965.

Mayfield, Broaddus, MacAyeal & Perrenot, El Paso, for appellant.

Paxson & Santiesteban, El Paso, for appellee.

CLAYTON, Justice.

Appeal from an order of the District Court of El Paso County, Texas, granting appellee (plaintiff in the court below) a summary judgment. Appellee had delivered to one Dan Littlefield a Chevrolet station wagon, together with the keys for the same and a Texas Certificate of Title showing the automobile to be registered in the name of appellee, and received a check from Littlefield in the amount of $900.00 therefor. The check proved to be worthless. The appellee had signed his name on the reverse of the certificate of title, under the "Assignment of Title", but the rest of the assignment had not been filled out or notarized. On the day following his receipt of the automobile from Harper, Littlefield sold the car to appellant for $675.00, delivering the certificate of title endorsed in blank on the back by appellee Harper. Littlefield later died. Appellant sold the vehicle to another, having filled in the name of his business as "Purchaser" in the assignment of title and his own name as notary under the signature of appellee, although to his knowledge he had never met appellee. After Littlefield's check was returned unpaid, appellee brought suit against appellant to recover the $900.00 as the value of the vehicle. Appellant answered by general denial, requesting leave to amend. Appellee filed his motion for summary judgment which was controverted by appellant's affidavit in which he claimed estoppel against appellee or alternatively that a question of fact was involved in whether such estoppel existed. After an adverse ruling on the motion for summary judgment, appellant filed his motion for rehearing and for leave to replead, setting up the defenses of estoppel, implied authority and valid contract of sale. This motion was denied and summary judgment was granted appellee on the matter of appellant's liability, leaving for jury trial the sole question of amount of damages. The finding of the jury on this issue is not here contested.

The principles governing summary judgment proceedings are well known, but are concisely re-stated by the Texas Supreme Court in the case of Great American Reserve Insurance Co. v. San Antonio Plumbing Co., 391 S.W.2d 41, Vol. 8, The Texas Supreme Court Journal 374, 376 (April 24, 1965), as follows:

"* * * Rule 166-A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Tigner v. First Nat'l. Bank, 153 Tex. 69, 264 S.W.2d 85 (1954); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1962). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.Sup.1963); Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954). If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286 (1957) * *."

In his first point of error on appeal, appellant charges that summary judgment should not have been granted as there was a genuine issue of fact as to whether appellee had clothed Littlefield with apparent ownership of the car so that he could transfer it to others, by delivering the automobile and certificate of title thereon to Littlefield, thus estopping appellee from denying that a completed transfer to Littlefield had taken place. To support this

position, appellant relies upon the general rule that ordinarily where one clothes another with the indicia of ownership of personal property, he may be estopped to assert title to the property as against a purchaser from one having such indicia of title. McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144, 146 (1945).

In Point Two appellant maintains that summary judgment should not have been granted since there was a genuine issue of fact as to whether Harper, the appellee, by his actions in accepting Littlefield's check and in return therefor delivering the possession of the automobile and the certificate of title in blank to Littlefield, had actually consummated a completed assignment and sale as between the parties, with equitable title passing to Littlefield and to all purchasers for value from Littlefield. With this we agree.

We consider the failure of appellee to properly fill in and notarize the assignment of title as having no effect on the conclusion we draw in this case. We note that section 53 of the Texas "Certificate of Title Act" (Art. 1436–1, Penal Code) provides that: "All sales made in violation of this Act shall be void and no title shall pass until the provisions of this Act have been complied with." However, Hicksbaugh Lumber Co. v. Fidelity & Casualty Co. of New York, 177 S.W.2d 802, 803 (Tex.Civ. App., 1944; n. w. h.) sets out what seems to be the prevailing attitude of Texas courts in the following language:

> "The legislative intent, as disclosed in section 1 of the Certificate of Title Act, was to lessen and prevent theft and traffic in stolen motor vehicles (Motor Investment Company et al. v. Knox City [141 Tex. 530] 174 S.W.2d 482, 483), and not to prevent sales and transfers of interest in motor vehicles. The Act does not prohibit or provide penalties for persons who have transferred interest in motor vehicles without compliance with the provisions thereof.

> "Section 53 of the Act provides that all sales made in violation of the Act shall be void and that *no title* (emphasis ours) shall pass until the provisions of the Act have been complied with. The Act does not provide that *no interest* (emphasis ours) in the motor vehicle shall pass until the provisions of the Act have been complied with."

See also Rush v. Smitherman, 294 S.W.2d 873, 877 (Tex.Civ.App., 1956; wr. ref.); Anderson v. King, 370 S.W.2d 775 (Tex. Civ.App., 1963; n. w. h.).

In any event we must keep in mind that this is a summary judgment case, in which it is claimed by appellee, the movant, that there is no material issue of fact. It has been held that whether or not title passes under certain given circumstances depends upon the intention of the parties at the time, this being a fact issue. Gerber v. Pike, 249 S.W.2d 90 (Tex.Civ.App., 1952; n. w. h.). Our attention has been called by appellant in his reply brief to a very recent decision of the Texas Supreme Court in the case of Valley Stockyards Company v. Kinsel, 369 S.W.2d 19 (1963). While this case does not deal with an automobile sale or the Texas "Certificate of Title Act", it is a summary judgment case and the language used is so appropriate to issues here before us, we deem it well to quote from the opinion. In the cited case Kinsel delivered certain cattle to one Wiley which Wiley paid for by delivering his check to Kinsel, which check was not honored by the bank upon which it was drawn. Wiley then sold the cattle to Valley Stockyards Company, which in turn resold the cattle in the usual course of business. Kinsel contended that he had never parted with title to the cattle, and that when Valley Stockyards bought the cattle from Wiley (without notice of Kinsel's claim), and resold the cattle, it became liable to Kinsel as a converter. The trial court granted summary judgment to Kinsel on the theory of conversion and the Court of Civil Appeals

affirmed. The Supreme Court reversed and remanded the cause, stating:

"It is doubtful if much is gained by attempting to dispose of a case of this type by use of the summary judgment procedure. A restatement, exception, or a refinement of a rule of law is not involved, but rather the application of a rule of law to a particular factual situation. The controlling question is whether or not at the time Kinsel delivered the 158 head of cattle to a cattle trader named Will Ed. Wiley, he intended that title to the cattle should pass to the said Wiley. Seemingly, it would not be a very difficult task to determine this issue upon a preponderance of the evidence basis, where the trier of facts would be entitled to consider the credibility of witnesses and the weight to be given their testimony. However, it is another thing to determine from affidavits and deposition statements which are equivocable in nature and subject to varying inferences whether or not a genuine fact issue is raised. In determining this issue, the same rule is applied as that used to test the evidence in a conventional trial in deciding whether or not an instructed verdict should be given. The evidence (the affidavit and deposition statements) must be viewed in the light most favorable to Valley Stockyards Company [defendant], the party against whom the judgment was rendered. When statements and circumstances are subject to more than one inference or interpretation, that version most favorable to the petitioner must be accepted. In other words, the judgments of the courts below must be reversed unless we can say that it appears conclusively as a matter of law that at the time the cattle were delivered to Wiley, Kinsel did not intend that title should pass. * * *

"Respondent [plaintiff] relies upon the general rule that where a cash sale is involved and personal property is delivered in exchange for a check, there is a presumption that the parties did not intend that title to the property should pass until the check was honored by the drawee bank. Lang v. Rickmers, 70 Tex. 108, 7 S.W. 527; Middlekauff v. State Banking Board, 111 Tex. 561, 242 S.W. 442; Berlowitz v. Standley, 117 Tex. 362, 5 S.W.2d 963; Muldrow v. Texas Frozen Foods, Inc., 157 Tex. 39, 299 S.W.2d 275. This presumption, however, is not conclusive but may be rebutted. If a jury could conclude from the evidence now in the affidavit and deposition form that the delivery of the cattle was made with the intention of passing title to Wiley at that time, it would necessarily follow that Valley Stockyards could not be held liable as a converter by purchasing the cattle from Wiley. Unless we are prepared to say that an intention to pass title at time of delivery must be shown by an expressed agreement to overcome the presumption above noticed, then we must hold that the circumstances disclosed in the present record are sufficient to take the case to the jury. In our opinion, circumstances may be relied upon to overcome the presumption."

We believe that the reasoning in the above quotations apply precisely to the facts in the case before us. Whether we ground our decision under the technical terminology of "estoppel" or "completed assignment and sale" (there being eminent authority for both) seems to be immaterial, since we find that there are material issues of fact in either category for submission to the jury. For that reason Points of Error Nos. One and Two are sustained, and comment upon the remaining three points is unnecessary and would not be of material assistance in another trial. We might here adopt the further language of the Supreme Court in the Kinsel case: "This is undoubtedly a hard case, as are all cases where one of two innocent parties must suffer

because of the fraud of a third party, but we are convinced that the record discloses genuine fact issues."

Judgment of the trial court reversed and this cause remanded.