UNITED BROS. OF FRIENDSHIP OF TEXAS v. KENNEDY et al. (No. 1767.)

(Court of Civil Appeals of Texas. Texarkana. March 15, 1917.)

INTEREST ☞26 — ACCEPTANCE OF PRINCIPAL IN FULL—SUBSEQUENT ACTION FOR INTEREST.

Where there is no obligation to pay interest as well as principal, and interest is recoverable only as damages for nonpayment of principal when due, the receipt of the principal as such in full is a bar to any claim for interest which is a mere incident of the debt.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 7–10.]

Appeal from Harrison County Court; Geo. L. Huffman, Judge.

Action by Milton Kennedy and others against the United Brothers of Friendship of Texas. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

Appellees Milton Kennedy and Jennie Kennedy Lee were the beneficiaries named in a membership certificate issued by appellant to Clarissa Kennedy, entitling them (when she died, and 90 days after they had furnished proof of the fact to appellant) to demand and receive of it $500. Clarissa Kennedy having died August 7, 1914, and no part of the amount of the certificate having been paid to them, appellees by this suit, commenced May 3, 1916, sought to recover judgment against appellant for $500 and interest thereon from August 7, 1914. May 10, 1916, appellant paid to appellees $500, which they accepted as a "full settlement of all claims" they had against it. In a supplemental petition filed September 20, 1916, appellees acknowledged the payment to them of $500, and renewed their prayer for a recovery of interest which accrued thereon, they alleged, before same was paid. This appeal is from a judgment in their favor for $40.85 as interest on the $500 from January 1, 1915, to May 10, 1916.

Beard & Davidson, of Marshall, for appellant. Kent D. Allen, of Marshall, for appellees.

WILLSON, C. J. (after stating the facts as above). The trial court found as a fact that appellees accepted the $500 paid to them May 10, 1916, as a "full settlement for all claims" they had against appellant, but concluded that appellees, "under the law of accord and satisfaction," nevertheless were entitled to recover interest on the sum from the time it should have been paid to them. The law the court invoked, when applied to the facts of the case, did not authorize the conclusion he reached. Appellant's contract was to pay the $500. It did not contract to pay interest. Therefore interest was recoverable only as damages. The rule applicable to such a case has been stated as follows:

"Where there is no express contract or obligation to pay interest as well as principal, and the interest is recoverable only as damages for nonpayment of the principal when it is due, the receipt of the principal, as such, in full, is a bar to any claim for interest, because it is considered no part of the debt, but as a mere incident of the debt; and it is immaterial whether the debt be past due or running to maturity. It is likewise immaterial that the creditor received payment of the principal without interest under protest. This does not change the legal effect of his act." 1 C. J. 546; and see 1 Cyc. 325; 1 R. C. L. 189.

The judgment will be reversed, and judgment will be rendered here that appellees take nothing by their suit against appellant.