MARY PERRY ET VIR V. AL LUETTICH.

No. 7138.  Decided November 23, 1938.
Rehearing overruled January 4, 1939.
(121 S. W., 2d Series, 332.)

*C. W. Croom,* of El Paso, for plaintiffs in error.

*David J. Smith,* of El Paso, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit involves the construction of Article 3990 of the Revised Statutes of 1925, as amended by Acts of 1927, 40th Legislature, Chapter 51, Section 1. The writ of error was granted upon the construction of that article.

The question involved arose in this way: Plaintiff in error, Mary Perry, is owner of certain real estate in El Paso County. On July 1, 1933, she made a verbal lease to defendant in error, Al Luettich, of a store building and oil station situated upon said real estate, for a monthly rental of $25.00, which lease was to continue for one year. After the expiration of one year, defendant in error held over and refused to surrender possession on demand. Mrs. Perry, joined by her husband, on September 25, 1934, filed a suit of forcible detainer in the Justice Court of Precinct No. 1 of El Paso County. Plaintiffs in error did not seek to gain possession of the property by filing bond, as provided by Article 3987 of the Revised Statutes. In the justice court judgment was rendered in favor of defendant in error and he remained in possession. Plaintiffs in error appealed to the county court, as provided by Article 3987. The cause was tried in the county court before a jury, and the jury returned answers to special issues which appear to us to

be favorable to plaintiffs in error. Notwithstanding such findings, the county court rendered judgment in favor of defendant in error, declaring that he was entitled to retain possession of the store building and oil station in controversy. In addition, the court rendered judgment in favor of defendant in error for the sum of $200.00 as expenses for defending the suit in the county court, which consisted largely of attorney's fees. This judgment was affirmed by the Court of Civil Appeals. 93 S. W. (2d) 790.

Article 3990, as amended, is as follows:

"On the trial of the cause in the county court the appellee shall be permiteed to prove the damages for withholding the possession of the premises from the appellee during the pendency of the appeal and the reasonable expense of the appellee in prosecuting or defending the cause in the county court; and, if the possession of the premises be not adjudged to the appellant said court shall render judgment also in favor of the appellee and against said appellant and the sureties on his bond for the damages proven and all costs."

■ It is the contention of defendant in error, which contention was upheld by the Court of Civil Appeals, that under this article an appellee, though never dispossessed of the premises, and though not entitled to damages, may nevertheless recover his "reasonable expenses in defending the cause in the county court," including attorney's fees. With this we cannot agree. The language of the article, when viewed in the light of the entire Chapter of which it is a part, is of very uncertain meaning. This is illustrated by the fact that in the Codification of 1925, the article was made to read that the "appellant" shall be entitled to prove the damages, etc., and the amendment of 1927 changed the word "appellant" to "appellee." Furthermore, we are struck with the idea that there would probably never be an appeal to the county court except by the party who has been deprived of the possession. The possession is the real matter in dispute, and the party awarded the possession in the justice court would have no occasion for ever being "appellee" in the county court. If bond was executed by the complainant under Article 3987, and possession taken from "appellee" in that way pending appeal, a different situation might exist.

We are convinced that whatever the real meaning of this article, it cannot have application, so far as allowance of expenses for defending the suit is concerned, except in behalf of one from whom the possession has been withheld during the

pendency of the appeal; and cannot apply to appellee in this instance.

The language of the article by the clearest import is to that effect. This language is that "the appellee shall be permitted to prove the damages for *withholding the possession* of the premises from the appellee during the pendency of the appeal, and the reasonable expense of the appellee in prosecuting or defending the cause in the county court." In other words, it is clearly implied that only one from whom the possession has been withheld may recover expenses. The statute is perfectly plain that he can recover his damages only when the possession has been withheld.

■ It is further significant to note that the concluding portion of this article provides that if appellant is not awarded possession, the court shall give appellee judgment for "the *damages proven* and costs." This clearly manifests that if appellee is to recover expenses in defending the suit, such expenses are to be included in the "damages proven"; that is, the expenses are to be considered as a part of the damages for withholding the possession. This is in conformity with early statutes in other states which permitted the damages for withholding possession to be doubled or trebled. If the expenses, including attorney's fees, are to be awarded as a separate item of recovery, and not as a part of the damages for withholding possession of the premises, then they would undoubtedly constitute purely a penalty against the appellant for prosecuting his appeal. The general rule is that expenses of defending suit and attorney's fees are never allowed simply because the plaintiff or appellant may have been unsuccessful in prosecuting his suit. If allowable in any case they must necessarily be regarded as a penalty, and the statute allowing same is strictly construed. To give the statute in question such construction, and allow such a penalty in favor of appellee, regardless of the fact that he has not otherwise been damaged by reason of the possession being withheld, would tend to defeat the right of the unsuccessful party in the justice court to an appeal. This would undoubtedly raise a serious question as to the constitutionality of the statute.

The case of McRae v. White, 42 S. W., 793, makes reference to this statute. In that case it clearly appears that the appellee was the original party from whom the possession was unlawfully taken and from whom it was withheld pending the appeal. The same situation was involved in the case of Shotwell v. Crier, 216 S. W., 262, and the case of Null & Co. v. Garling-

ton & Co., 242 S. W., 507. These cases therefore cannot ·be authority for defendant in error, who has never been deprived of possession.

The judgments of the Court of Civil Appeals and of the county court, in so far as they award the sum of $200 to defendant in error as expenses and attorney's fees, are reversed and judgment in that regard is here rendered for plaintiff in error. In other respects the judgment of the trial court was not appealed from. All costs of appeal should be paid by defendant in error.

Opinion adopted by the Supreme Court, November 23, 1938.

Rehearing overruled January 4, 1939.