**Sidney VAN ZANDT et ux., Petitioners,**

v.

**FORT WORTH PRESS et al., Respondents.**

No. A–8897.

Supreme Court of Texas.

July 25, 1962.

Rehearings Denied Oct. 3, 1962.

Stone, Parker, Snakard, Friedman & Brown, John G. Street, Jr., and James A. McMullen, III, with above firm, Fort Worth, for petitioner.

Morgan & Shropshire, Irvin W. Shelman, Fort Worth, for respondent.

CALVERT, Chief Justice.

Ft. Worth Press recovered a trial court judgment against Sidney Van Zandt and his wife and others for debt in the sum of $1,085.45, and for attorney fees in the sum of $375.00. The Van Zandts appealed, and the judgment was affirmed by the Court of Civil Appeals, 353 S.W.2d 95. We granted writ of error to review the holding of the Court of Civil Appeals that Article 2226, Vernon's Annotated Texas Statutes, authorizes the judgment for attorney fees.

Article 2226 authorizes a recovery of attorney fees by "Any person having a valid claim against a person or corporation for personal services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts, * * *." The Article thus clearly itemizes seven, and only seven, classes of claims which can form a basis for an award of attorney fees. Unless the claim made the basis of respondent's recovery falls within one or more of the seven classes, the judgment for attorney fees must be reversed.

Respondent's suit was for $1,014.89 for classified advertising and $70.56 for display advertising. Attached to the trial court petition as exhibits are two sworn itemized accounts. The first exhibit is an itemized account for classified advertising. It shows the dates of insertions, the num-

ber of lines of each insertion and the charges made therefor, from August 9, 1959, through October 25, 1959. Separate charges are shown for each day classified advertising was published. Analysis of the itemized account shows that charges at varying rates were made for 6975 lines of classified advertising and that the charges thus made total $1,014.89. The second exhibit is an itemized account for display advertising. It shows six insertions of three-inch display advertising at $3.92 per inch for a total charge of $70.56. Respondent asserts that the claim thus analyzed is a claim "upon a sworn account" or is a claim for "personal services rendered" and "labor done" within the meaning of the statute.

■■ We have heretofore held that in order for a claim to be founded "upon a sworn account or accounts" within the meaning of the statute the account must be one "in which there is a sale upon one side and a purchase upon the other, whereby title to *personal* property passes from one to the other." Meaders v. Biskamp, 159 Tex. 79, 316 S.W.2d 75, 78; Guay v. Schneider, Bernet & Hickman, Inc., 161 Tex. 560, 344 S.W.2d 429, refusing writ of error, no reversible error, in the same case, Tex.Civ.App., 341 S.W.2d 461; Langdeau v. Bouknight, Tex., 344 S.W.2d 435. Respondent's claim is not founded upon a "sworn account or accounts" of transactions in which there were sales on one side and purchases on the other, whereby title to personal property passed from respondent to petitioners. Therefore, it is not a claim "upon a sworn account" within the meaning of the statute.

Is respondent's claim one for "personal services rendered"? The Court of Civil Appeals affirmed the judgment for attorney fees on the theory that it is. We hold that it is not.

■ Statutes authorizing a recovery of attorney fees are penal in character and are to be strictly construed. Perry v. Leuttich, 132 Tex. 159, 121 S.W.2d 332, 333; Washington Fidelity Nat. Ins. Co. v. Williams, Tex.Com.App., 49 S.W.2d 1093, 1094. When strictly construed, the words "personal services" are not as broad and all-encompassing as the word "services".

Webster's Third New International Dictionary gives a general definition of "service" as "action or use that furthers some end or purpose: conduct or performance that assists or benefits someone or something: deeds useful or instrumental toward some object." The same source defines "personal services" thusly: "economic service involving the either intellectual or manual personal labor of the server rather than a salable product of his skill (physicians, architects, and garbage collectors equally sell personal services)." In construing the state's Unemployment Compensation Act the Supreme Court of Utah had occasion in Creameries of America v. Industrial Commission, 98 Utah 571, 102 P.2d 300, 304, to differentiate "services" and "personal services". The court said:

"In ordinary usage the term 'services' has a rather broad and general meaning. It includes generally any act performed for the benefit of another under some arrangement or agreement whereby such act was to have been performed. The general definition of 'service' as given in Webster's New International Dictionary is 'performance of labor for the benefit of another'; 'Act or instance of helping, or benefiting'. The term 'personal service' indicates that the 'act' done for the benefit of another is done *personally* by a particular individual."

The Appellate Department, Superior Court, Los Angeles County, California, had occasion to distinguish "services" and "personal services" in Levitt v. Faber, 20 Cal. App.2d Supp. 758, 64 P.2d 498, 500, and did so in these words:

" 'Services' and 'personal services' are not definitely coextensive. Within the meaning of statutes such as that now under consideration and of ex-

emption statutes, 'services' may be rendered though the actual labor be performed by one's employees and by means of his machinery or other equipment, but 'personal services' are those performed by the individual himself."

■ In quoting from Levitt v. Faber we are not to be understood as holding. that services will lose their character as personal services within the meaning of Art. 2226 because in the performance of the services the claimant uses the material, implements, tools or equipment essential to the service. To perform personal services the lawyer must use his books, the doctor his diagnostic or surgical instruments, the carpenter. his tools. We would thus agree with the Supreme Court of New Hampshire which held in Hale v. Brown, 59 N.H. 551, 558, that "the personal services of the lumberman include the use and earnings of his oxen, chain, canthook, and his own team and sled, if these are actually used by him and are essential to the service rendered."

While a corporation may be a *person* having a right to recover attorney fees under certain of the other provisions of Article 2226, it must be apparent from what has been said that an argument of considerable force can be made that a corporation cannot recover attorney fees in a suit on a claim for personal services because a corporation, as such, cannot perform personal services. However, we need not decide that question in this case, for the claim on which this suit is brought is not one for personal services. And "labor done" is but one form of "personal services rendered." Felton v. Johnson, 112 Tex. 412, 247 S.W. 837.

No doubt some of the employees of Ft. Worth Press rendered personal services, as respondent contends. It may be assumed that their claim for personal services, if unremunerated, would be against their corporate employer, Ft. Worth Press. The claim on which suit is brought by Ft. Worth Press is for *advertising* service, not personal services. The claim may include charges for labor done (operation of machinery, etc.), personal services (art work, ad writing, etc.), materials furnished (paper, ink, etc.), but it also includes, as in charges made by any solvent business, a margin of profit above recoupment of those costs and such other costs as taxes, insurance, etc. Respondent's proof on the trial clearly indicates this to have been its own concept of the nature of its claim. It introduced its sworn itemized account in evidence after proving it up by one of its employees. And while one of the employees testified to the making of changes in some of the advertising at the request of petitioners, and thus testified to some personal services rendered by employees, that was the only proof of the performance of personal services by employees of respondent, and there was no proof whatever of the value of, or of charges for, those or any other personal services.

■ The general common law rule is that in the absence of contract to the contrary every litigant will compensate his or its own counsel. Perhaps every successful litigant should be permitted to recover his attorney fees from the opposite party. But whether that policy would be wise is for the Legislature, not the courts, to decide. Apparently the Legislature has not thought it wise. But however that may be, the Legislature has not authorized a recovery of attorney fees in suits on claims such as that involved in this case. We do not agree with the holding of the Court of Civil Appeals in Harris v. Corpus Christi Broadcasting Co., 333 S.W.2d 475, no writ history.

We do not regard the other questions raised by petitioners as of sufficient importance or seriousness to justify discussion.

The judgments of the Court of Civil Appeals and the trial court are reformed to eliminate the item of attorney fees and as thus reformed the judgment of the Court of Civil Appeals is affirmed.