TEXCALCO, INC., Appellants,

v.

J. F. McMILLAN dba M & F Well Service, Appellee.

No. 4786.

Court of Civil Appeals of Texas, Eastland.

May 2, 1975.

Jim R. Wright, for appellant.

William G. Thompson, Harrell, Thompson & Cook, Breckenridge, for appellee.

RALEIGH BROWN, Justice.

J. F. McMillan dba M & F Well Service sued Texcalco, Inc., to recover for oil field well services and materials and to foreclose a mechanic's and materialman's lien. Trial before the court resulted in a judgment for plaintiff in the amount of $18,798.35, attorney's fees of $6,266.11, costs of court and for foreclosure of the lien. Texcalco, Inc. appeals.

Texcalco does not challenge the award of $18,798.35 but does challenge the award of attorney's fees and the foreclosure of the lien.

In its first point of error, Texcalco argues the trial court erred in authorizing foreclosure of the lien because there is no evidence showing to which property any labor or materials were supplied. Its contention is the affidavit and pleadings describe the leasehold estate in three tracts and there is no proof upon which of the three described tracts the labor and materials were furnished.

The affidavit and pleadings describe the leasehold estate as follows:

". . . which oil and gas leasehold estate for which a lien is claimed being described as follows:

Oil, gas and mineral lease dated May 26, 1972, from Buryl M. Rodgers, a widow, lessor to Joseph L. Brown, Lessee, covering 503 acres, more or less, being the 2nd, 3rd and 4th Tracts only out of the 823 acres covered by this lease, as follows:

*2nd Tract*: 163 acres, the East ½ of Section 11, D&DA Lands;

*3rd Tract*: 20 acres, more or less, that portion of the NW/4 of Section 30, H&TC Ry Co. Lands, Block 1, lying West of Curry Comb Creek;

and

*4th Tract*: 320 acres, more or less, all of the South ½ of Section 30, H&TC Ry Co. Lands, Block 1,

and as further described by said oil, gas and mineral lease in the Deed Records of Eastland County, Texas, as recorded in Volume 603, page 582–85."

The record shows that the Rodgers lease was owned by Texcalco. Field tickets and invoices introduced into evidence established that the services performed and the materials furnished were for wells located on the Rodgers lease. There was no evidence that the three tracts comprising the Rodgers lease had been operated as separate units.

Article 5473, Vernon's Ann.Tex.Civ.St., among other things provides:

"Any person * * * who shall * * furnish * * * materials, machinery or supplies used in * * * drilling * * * any such oil or gas well * * shall have a lien on the whole of such land or leasehold interest therein, * * for which said materials, machinery or supplies were furnished * * *."

This court in Dunigan Tool & Supply Company v. Burris, 427 S.W.2d 341 (Tex. Civ.App.—Eastland 1968, writ ref. n. r. e.), stated:

"Thus, it is held that under the statutes a lien exists upon an entire tract of land or leasehold interest upon which materials were delivered to or used and if such material was furnished or used on one of two or more tracts which tracts were treated as a unit, the lien exists as to the entire unit."

■ Under this record the leasehold interest was the three tracts described in the oil and gas lease. The point of error is overruled.

Texcalco next urges that the judgment of the foreclosure was error because the affidavit failed to show that any labor or materials were furnished to any persons who were members of the class against whom a lien can be claimed. It argues that although the affidavit states labor and materials were furnished at the request of defendant, the affidavit failed to state the capacity in which the defendant acted and failed to state the name of any owner with whom plaintiff contracted. Texcalco contends Article 5476a, V.A.T.S., requires that the owner be designated in the affidavit as owner. We disagree.

■ Texas is not a jurisdiction which applies a "strict compliance" rule before a lien exists, but rather follows a "substantial compliance" rule. As stated in Whiteselle v. Texas Loan Agency, 27 S.W. 309 (Tex. Civ.App.—1894, writ ref.):

"No material departure from the requirements of the statute can be indulged, without fatal results to the lien; but a substantial compliance with the terms of the statute is all that is necessary to put the lien in operation, and give it full force and validity. Pool v. Wedemeyer, 56 Tex. 287."

■ In the affidavit we are considering, the name of the owner of the oil or mineral leasehold interest is named, although not designated as owner. The trial court in its findings of fact found Texcalco to be the owner. We hold there has been a substantial compliance with Article 5476a, V.A.T.S. The point of error is overruled.

Finally, Texcalco contends the trial court erred in permitting M & F Well Service to recover attorney's fees under Article 2226, V.A.T.S. Such article in part reads:

"Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, . . . may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, and he should finally obtain judgment for any amount thereof as presented for payment to such persons or corporation, he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees."

Texcalco argues that Tenneco Oil Co. v. Padre Drilling Co., 453 S.W.2d 814 (Tex.

1970), controls the case at bar, regarding the award of attorney's fees. It points to the following language:

"A suit based primarily upon a contract for a product or for a general service will not authorize an award of an attorney's fee merely because performance of the contract may require employment of others to render personal services or to perform labor."

Texcalco contends that an application of the principles so announced would deny a recovery by M & F of attorney's fees. We disagree.

The record establishes that M & F Well Service was engaged by Texcalco to furnish the material and services necessary to complete three oil wells drilled by Texcalco.

■ Our Supreme Court in Pacific Coast Engineering Co. v. Trinity Const. Company, 481 S.W.2d 406 (Tex.1972), while interpreting what is meant by "material furnished" stated:

". . . where the litigant furnishes not the final complete project, but a part or piece that goes into the final project, then attorneys' fees will be allowed in a successful suit for the recovery for 'material furnished' to the defendant."

See also Ambox Inc. v. Stewart & Stevenson Services, Inc., 518 S.W.2d 428 (Tex.Civ. App.—Houston (14th Dist.) 1975, no writ). The "material furnished" by M & F to Texcalco was used by Texcalco in the completion of its oil wells. M & F was entitled to attorney's fees for the "material furnished."

The issue becomes whether *Tenneco* prohibits recovery for attorney's fees for the services rendered by M & F. It should be noted that following the Tenneco decision and the decision of Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex.1962), the Legislature amended Article 2226. The amendment added that if a *corporation, partnership* or *other legal entity* had a valid claim it might collect attorney's fees. It also deleted the word *personal* before the term services rendered.

The court in *Van Zandt* stated:

"Statutes authorizing a recovery of attorney fees are penal in character and are to be strictly construed. Perry v. Leuttich, 132 Tex. 159, 121 S.W.2d 332, 333; Washington Fidelity Nat. Ins. Co. v. Williams, Tex.Com.App., 49 S.W.2d 1093, 1094. When strictly construed, the words 'personal services' are not as broad and all encompassing as the word 'services'.

Webster's Third New International Dictionary gives a general definition of 'service' as 'action or use that furthers some end or purpose: conduct or performance that assists or benefits someone or something: deeds useful or instrumental toward some object.' The same source defines 'personal services' thusly: 'economic service involving the either intellectual or manual personal labor of the server rather than a salable product of his skill (physicians, architects, and garbage collectors equally sell personal services).' "

The court approved language used by the Supreme Court of Utah and differentiated "services" and "personal services" as follows:

" 'In ordinary usage the term 'services' has a rather broad and general meaning. It includes generally any act performed for the benefit of another under some arrangement or agreement whereby such act was to have been performed. The general definition of 'service' as given in Webster's New International Dictionary is 'performance of labor for the benefit of another'; 'Act or instance of helping, or benefiting'. The term 'personal service' indicates that the 'act' done for the benefit of another is done personally by a particular individual.' "

The court having thus distinguished "services" from "personal services" and the

Legislature having amended Article 2226, by deleting "personal", we hold the Legislature intended to avoid some of the problems discussed in *Tenneco* and *Van Zandt* in collecting attorney's fees for services. Caston v. Texas Power & Light Co., 501 S.W.2d 472 (Tex.Civ.App.—Texarkana 1973, no writ). The "services" rendered by M & F having met the definition of service as announced by Van Zandt, M & F is entitled to recover attorney's fees.

The point of error is overruled.

We have considered and overruled all points of error. The judgment is affirmed.