JOHNSON–WALKER MOVING &
STORAGE, INC., Appellant,

v.

LANE CONTAINER COMPANY,
Appellee.

No. 4987.

Court of Civil Appeals of Texas,
Eastland.

March 10, 1977.

Rehearing Denied March 31, 1977.

Gray B. Jolink, Lynch, Jolink, Zimmerman & Young, Austin, for appellant.

Charles A. Girand, Herndon, Girand & Dooley, Dallas, for appellee.

RALEIGH BROWN, Justice.

This is a suit on a sworn account. Lane Container Company sued Johnson-Walker Moving and Storage, Inc. for goods, wares and merchandise sold and delivered to defendant in the amount of $6,246.95 plus interest and attorney's fees. Prior to trial before the court, the principal amount of the debt was tendered and accepted, judgment was then entered for the sum of $1,832 as reasonable attorney fees together with interest on $6,246.95 at the rate of 6% per annum from January 1, 1976 to March 11, 1976, together with all costs of suit, with interest at the rate of 9% per annum. Johnson-Walker appeals. We reverse and render.

At the original trial setting, appellant appeared, without counsel, and announced a cashier's check for the principal amount sued for had been mailed to appellee. The parties agreed that the trial would be rescheduled for one week later and if appellee in the interim received the principal amount of the debt, plus appellee contends an additional sum of money in payment of attorney's fees, interest and court costs, the case would be dismissed.

The principal amount of the debt was received by appellee but no additional amount in payment of attorney's fees, interest and court costs. The rescheduled trial was held without appellant who, al-

though notified, failed to appear. After the hearing, judgment was entered which recites in part:

". . . the Court, having considered the pleadings, the evidence and the arguments of counsel finds that the Plaintiff has received on March 11, 1976 the sum of Six Thousand Two Hundred Forty-six Dollars and Ninety-five Cents ($6,246.95), the principal amount of the debt due it by the Defendant but that the Defendant has not paid any Court costs, attorney fees or interest, all of which the Plaintiff had sued for and by law was entitled to receive.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff, LANE CONTAINER COMPANY, do have and recover from the Defendant, JOHNSON–WALKER MOVING & STORAGE, INC., the sum of One Thousand Eight Hundred Thirty-two Dollars ($1,832) as attorney fees, which this Court finds to be reasonable, together with interest on Six Thousand Two Hundred Forty-six Dollars and Ninety-five Cents ($6,246.95) at the rate of six percent (6%) per annum from January 1, 1976 to March 11, 1976, together with all costs of suit, with interest thereon at the rate of nine percent (9%) per annum from this date until paid, for all of which execution may issue."

Johnson-Walker argues that because there is no judgment for any amount of the claim, there is no judgment which can support an award of attorney's fees under Article 2226, V.A.C.S. We agree.

Article 2226 provides:

"Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured or suits founded upon a sworn account or accounts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, *and he should finally obtain judgment for any amount thereof as presented for payment* to such persons or corporation, he may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees. The amount prescribed in the current State Bar Minimum Fee Schedule shall be prima facie evidence of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence.

Amended by Acts 1971, 62nd Leg., p. 1073, ch. 225, § 1, eff. May 17, 1971." (Emphasis ours)

The court in *Van Zandt v. Fort Worth Press*, 359 S.W.2d 893 (Tex.1962) said:

"Statutes authorizing a recovery of attorney fees are penal in character and are to be strictly construed. *Perry v. Leuttich*, 132 Tex. 159, 121 S.W.2d 332, 333; *Washington Fidelity Nat. Ins. Co. v. Williams*, Tex.Com.App., 49 S.W.2d 1093, 1094 . . ."

The Supreme Court also said in *Huff v. Fidelity Union Life Insurance Company*, 158 Tex. 433, 312 S.W.2d 493 (1958):

". . . Article 2226 requires that a plaintiff must finally obtain judgment for any amount thereof (of the claim) as presented to the person or corporation before a reasonable attorney's fee can be recovered. While the attorney's fees are not part of the demand or claim, but are in the nature of a penalty, or punishment for failure to pay a just debt (*Davenport v. Harry Payne Motors, Inc.*, Tex.Civ. App.1953, 256 S.W.2d 245, no writ history), and are not ordinarily recoverable in a tort or contract action (*Cleveland State Bank v. Lilley*, Tex.Civ.App.1924, 260 S.W. 324(2), no writ history), they may be recovered by compliance with the statutory provisions of Article 2226. That a suit for the statutory attorney's fees as a separate action could not be maintained is

evidence from the wording of the statute . . ."

The judgment recites that the principal amount of the debt had been paid. Unless the interest award is part of the claim, Lane Container failed to "obtain judgment for any amount thereof as presented for payment" which would entitle it to attorney's fees.

Article 5069–1.03, V.A.C.S., states: "When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all written contracts ascertaining the sum payable, from and after the time when the sum is due and payable; and on all open accounts, from the first day of January after the same are made.

Acts 1967, 60th Leg., p. 609, ch. 274, § 2, eff. Oct. 1, 1967."

This article was formerly Article 5070. The interest provided for by the statute was not included in determining the jurisdictional amount of a claim, as the court in *Oppenheim v. Hood*, 33 S.W.2d 265 (Tex. Civ.App.—Dallas 1930, writ ref.) said:

"Under Article 5070, supra, interest therein provided to be allowed on an open account is not recoverable from the date an account is due as damages for nonpayment, but simply as 'compensation allowed by law * * * for the use or forbearance or detention of money'; and therefore is legal interest, in that it is interest allowed by law where the parties to a contract had failed to agree upon any particular rate of interest. Article 5069, R.S.1925.

Interest sought and recovered as interest eo nomine, viz., interest in its own name, is interest specially provided for by statute, and, regardless, of the amount of such interest, same is not to be considered in determining whether or not the amount sued for is within the limit of the court's jurisdiction . . ."

The court in determining the effect of the acceptance of the principal amount of the debt where no interest was contracted for said in *United Bros. of Friendship of Texas v. Kennedy*, 193 S.W. 253 (Tex.Civ. App.—Texarkana 1917, no writ):

" 'Where there is no express contract or obligation to pay interest as well as principal, and the interest is recoverable only as damages for nonpayment of the principal when it is due, the receipt of the principal, as such, in full, is a bar to any claim for interest, because it is considered no part of the debt, but as a mere incident of the debt; and it is immaterial whether the debt be pais due or running to maturity. It is likewise immaterial that the creditor received payment of the principal without interest under protest. This does not change the legal effect of his act.' 1 C.J. 546; and see 1 Cyc. 325; 1 R.C.L. 189."

We hold that interest provided by Article 5069–1.03, V.A.C.S., being interest eo nomine and not interest as damages, is not a part of the claim that will support an award of attorney's fees under Article 2226, supra.

This holding makes it unnecessary to consider the other points of error. The judgment is reversed and rendered that Lane Container Company take nothing.