Raymond **ENRIQUEZ** and Richard Aranda, doing business as Carpet Concept, Appellants,

v.

**K & D DEVELOPMENT & CONSTRUCTION, INC.,** Appellee.

No. 6730.

Court of Civil Appeals of Texas, El Paso.

May 10, 1978.

Rehearing Denied May 31, 1978.

Edwards, Belk, Hunter & Kerr, George W. Butterworth, El Paso, for appellants.

Diamond, Rash, Leslie & Smith, Alan V. Rash, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This case presents for review the question of whether a defendant, prior to the August 1977 amendment to Article 2226, Tex.Rev. Civ.Stat.Ann., could defeat a recovery of attorney's fees in a suit on a sworn account by tendering the amount due on the account into the registry of the Court. We hold it could not in this case.

The Appellants filed suit in April, 1977, on a sworn account for carpet sold to Appellee in December, 1976. After answer was filed, Appellants filed a motion for summary judgment. The Appellee then filed an amended answer admitting the claim and tendering the full amount of the claim into the registry of the Court, after the Appellants had refused the tender made

to them. The trial Court subsequently heard evidence as to a reasonable attorney's fee. The final judgment was entered on August 29, 1977, ordering the Clerk to pay Appellants the sum of $5,408.23, which had been paid into the registry of the Court. The judgment denied recovery for attorney's fees.

The trial Court filed findings of fact and conclusions of law. It found that the tender was made to Appellants and refused, and then tender was paid into the registry of the Court, but that the tender was made more than thirty days after written demand had been made on the Appellee for payment of the account. The Court found a reasonable attorney's fee would be $1,500.00, but concluded that the tender of payment prevented the recovery of attorney's fees in this case.

Appellants present three points of error, all similar in nature, complaining of the denial of attorney's fees.

First, we note that the cause of action accrued and the hearing was held prior to the latest amendment of Article 2226, Tex. Rev.Civ.Stat.Ann., but the judgment was entered on the same day the amendment became effective. We will not give the latest amendment retroactive effect, but will decide the case under the Statute as it existed when the cause of action accrued. *Government Personnel Mut. Life Ins. Co. v. Wear*, 151 Tex. 454, 251 S.W.2d 525 (1952).

Under that Statute, it was only necessary that the claim be presented and, if not paid within thirty days, an attorney's fee is recoverable in any suit where the claimant recovers judgment for any amount of the claim. *Huff v. Fidelity Union Life Insurance Company*, 158 Tex. 433, 312 S.W.2d 493 (1958); *El Paso Moulding and Manufacturing Co. v. Southwest Forest Industries*, 492 S.W.2d 331 (Tex.Civ.App.—El Paso 1973, writ ref'd n. r. e.); *Jackson v. Paulsel Lumber Company*, 461 S.W.2d 161 (Tex.Civ. App.—Fort Worth 1970, writ ref'd n. r. e.). In this case, the Appellants sued for $5,408.23, and the judgment ordered that sum paid to them. The Statute only required that "he should finally obtain judgment for any amount thereof as presented

for payment," and, in this case, judgment was for the full amount of the account. There is no requirement in the Statute that "he have and recover a sum of and from the Defendant." *Johnson-Walker Moving & Storage, Inc. v. Lane Container Company*, 548 S.W.2d 500 (Tex.Civ.App.—Eastland 1977, writ ref'd n. r. e.), is not applicable because, in that case, the plaintiff accepted the tender of payment and there was no recovery on the sworn account. *T J Service Company v. Major Energy Company*, 552 S.W.2d 598 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.), can be distinguished because it was not properly a suit on a sworn account, and also because the trial Court entered a take nothing judgment.

We sustain Appellants' three points of error, and the judgment of the trial Court is reversed and judgment rendered that Appellants have and recover the sum of $1,500.00 in attorney's fees of and from the Appellee.

Having so concluded, we note that the rule as amended in August, 1977, now provides for recovery of attorney's fees if at the expiration of thirty days after presentment, "payment for the just amount owing has not been tendered." Thus, "finally obtain judgment" is no longer a requirement in the Statute.