**METROL CORPORATION, Appellant,**

v.

**TECHNICAL SALES, INCORPORATED, Appellee.**

**No. A2076.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 11, 1979.

Jerry D. Conner, Conner & Dreyer, Houston, for appellant.

William B. Adair, Byrnes, Myers, Adair, Campbell & Sinex, Houston, for appellee.

Before MILLER, PRESSLER and SALAZAR, JJ.

PRESSLER, Justice.

This is an appeal from a judgment rendered in favor of Technical Sales, Inc. (appellee) for monies due under a commission sales contract entered into with Metrol Corporation (appellant). The contract made the basis of this suit was entered into between the parties hereto in 1973 and specified various commissions payable to appellee derived from transactions in which appellee was to act as exclusive sales agent for appellant's products. Upon termination of the contract and refusal by appellant to pay commissions alleged to be due under the contract, appellee brought suit.

The case was tried without a jury, and at the close of the evidence the trial court ruled in favor of appellee, awarding both commissions and attorney's fees. Appellant has perfected this appeal from the trial court's judgment.

Appellant's first two points of error concern the trial court's awarding attorney's fees. They allege that there was no evidence of a demand upon a valid claim thirty days prior to trial and that the amount being demanded had been paid in full prior to trial. Appellee's initial demand for payment was made more than thirty days prior to the filing of the lawsuit. The amount of the initial demand was determined from limited records regarding sales commissions which were in appellee's possession. From records obtained through pretrial discovery, appellee determined that it was due money on its sales commissions in addition to that amount alleged in its initial demand. Prior to trial, appellant paid the amount initially demanded by appellee.

A plaintiff, in order to recover attorney's fees under article 2226, Tex.Rev. Civ.Stat.Ann. (Supp.1978–1979), must make a specific demand on a claim to the debtor. *El Paso National Bank v. Leeper*, 538 S.W.2d 803 (Tex.Civ.App.-El Paso 1976, writ ref'd n. r. e.). Article 2226 states that after thirty days, if the demand has not been paid, the claimant may recover the attorney's fees incurred in pursuing the claim. The appellee's initial demand, based on all of the information available to it at the time, was a proper demand for payment. The amount claimed was not paid within the thirty day period after the initial demand. The prerequisites for recovery of attorney's fees under article 2226 were therefore satisfied. We hold that since these prerequisites were once established, the subsequent payment of the initial demand did not negate the fact that these prerequisites had been established when an additional demand was properly brought within the same lawsuit based upon information which the appellee discovered from the appellant during the course of pretrial discovery. Thus, appellant's first two points of error are overruled.

Appellant further alleges that there was no evidence, or, in the alternative, insufficient evidence, presented at trial upon which the trial court could determine the amount of money due under the sales commission contract. Based upon our review of the record, we hold that appellee met its burden of proof at trial by proving its cause of action by a preponderance of the evidence. *State v. Turner*, 556 S.W.2d 563 (Tex.1977). Sufficient evidence was presented, and the trial court properly rendered judgment.

Finally, appellant claims that the various business records introduced into evidence at trial by appellee were not properly admitted pursuant to article 3737e, Tex.

Rev.Civ.Stat.Ann. (Supp.1978–1979). Upon a proper predicate's being laid, business records may be admitted as an exception to the hearsay rule under article 3737e, *Cooper Petroleum Company v. La Gloria Oil and Gas Company*, 436 S.W.2d 889 (Tex.1969). The proper predicate was laid to prove up these business records, and we, therefore, hold such records were properly admitted and considered.

The judgment of the trial court is affirmed.