Hermilo **RAMIREZ**, Appellant,

v.

**BAGLEY PRODUCE COMPANY,**
Appellee.

**No. 1690.**

Court of Civil Appeals of Texas,
Corpus Christi.

Feb. 26, 1981.

Ramon Garcia, Donald W. Allee, Allee & Garcia, Edinburg, for appellant.

Walter J. Passmore, Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal of a suit on an account instituted by Bagley Produce Company against Hermilo Ramirez. Bagley contended in its petition that Ramirez owed the company $15,787.12 for melons shipped pursuant to a contract between the two parties; that demand had been made for payment and that Bagley was entitled to attorney fees in accordance with Article 2226, Tex.Rev.Civ.Stat.Ann. Ramirez filed a general denial to Bagley's petition. Bagley then filed a motion for summary judgment based on its pleadings and request for admissions. Ramirez did not file a response to the motion for summary judgment, although sequentially his First Amended Answer to Bagley's petition was filed subsequent to Bagley's motion for summary judgment.

The trial court heard plaintiff Bagley Produce Company's motion for summary judgment on October 24, 1979. The hearing on attorney fees was held later on December 18, 1979. At this hearing, Bagley presented evidence as to the reasonableness of attorney fees. On January 16, 1980, the trial court granted Bagley's motion for summary judgment and denied Bagley's claim for attorney fees. The judgment of the trial court stated that attorney fees were being denied because less than thirty (30) days had elapsed between the time of

demand for payment and the filing of the suit herein.

Both parties have perfected an appeal. Bagley is complaining of the denial of attorney fees and Ramirez is contending that the trial court erred in granting Bagley's motion for summary judgment. We first discuss the issue as to the summary judgment.

Rule 166–A, T.R.C.P., requires a party moving for summary judgment to state the specific grounds therefor. The judgment shall be rendered if the pleadings and admissions show that, except as to the amount of damages, there is no genuine issue as to any material fact. Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.Sup.1979).

■ Ramirez contends on appeal that Bagley's summary judgment proof did not establish, as a matter of law, that there was *no genuine issue of material fact.* He argues that his First Amended Answer raised genuine issues of fact. In this answer, Ramirez generally denied the existence of a contract and alternatively contended that the terms of such contractual agreement were different than the terms alleged in Bagley's petition. This pleading was not a sufficient written response to Bagley's motion for summary judgment. The term "answer" in the context of the rule refers to an answer to the motion for summary judgment, *not* an answer generally filed in response to a petition. *City of Houston v. Clear Creek Basin Authority*, supra.

■ A non-moving party is not required to respond to a summary judgment motion. However, the non-movant must present to the trial court those issues that would defeat the movant's right to a summary judgment; otherwise a judgment may be entered against him. When necessary, he must present summary judgment proof to establish a genuine fact issue. If the non-movant does not present such issues to the trial court expressly, he may not later

assign them as error on appeal. *City of Houston v. Clear Creek Basin Authority*, supra; *Blundell v. Lemon*, 596 S.W.2d 239 (Tex.Civ.App.—Texarkana 1980, no writ).

■ Even if Ramirez' First Amended Answer could be construed as a written response to the motion for summary judgment, this pleading by itself is not sufficient. The mere filing of an answer does not prevent the rendition of summary judgment for a plaintiff who has established, through his summary judgment proof, the non-existence of disputed fact issues in his claim for relief. *Hudnall v. Tyler Bank and Trust Company*, 458 S.W.2d 183 (Tex.Sup. 1970); *Taylor v. Fred Clark Felt Company*, 567 S.W.2d 863 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n. r. e.).

■ Ramirez did not respond to the motion for summary judgment; therefore, his only valid contention on appeal would be that the movant's motion is insufficient as a matter of law to support the summary judgment. The trial court had before it Bagley's requested admissions that were deemed admitted by order of the court. These admissions, inter alia, showed that Ramirez ordered from Bagley certain melons. These melons were disbursed to Ramirez by Bagley in good condition and in accordance with Ramirez' order. The admissions further showed that Ramirez sold or otherwise disposed of the melons. Bills of lading reflecting the contract price were attached to the request for admissions. We hold that the proof offered by Bagley was sufficient, as a matter of law, to sustain that portion of the trial court's judgment which granted Bagley's motion for summary judgment.

■ If there has been full compliance with Art. 2226, Tex.Rev.Civ.Stat.Ann., attorney fees may be awarded in a case such as the one here presented. The statute requires as a prerequisite to the awarding of attorney fees that demand for payment be made on defendant. If at the expiration of thirty (30) days from the date of demand, payment has not been tendered, and if the plaintiff is represented by an attorney, the

plaintiff may recover, in addition to his claim and costs, a reasonable amount as attorney fees. Article 2226, Tex.Rev.Civ. Stat.Ann. See also, *Gately v. Humphrey,* 151 Tex. 588, 254 S.W.2d 98 (1952).

In the present case, the trial court found that Bagley had requested and presented evidence for the award of attorney fees in the amount of $1,840.66. However, the trial court was of the opinion that attorney fees could not be awarded under Art. 2226, Tex.Rev.Civ.Stat.Ann., unless thirty days had elapsed between the time of demand and the time of filing the suit.

The rule as amended in 1977, now provides for recovery of attorney fees if at the expiration of thirty days after *presentment,* "payment for the just amount owing has not been *tendered*". Art. 2226, Tex.Rev. Civ.Stat.Ann.; *Enriquez v. K & D Development & Construction, Inc.,* 567 S.W.2d 40 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.); *Duval County Ranch Company v. Alamo Lumber Company,* 597 S.W.2d 528 (Tex. Civ.App.—Beaumont 1980, writ ref'd n. r. e.); *Metrol Corporation v. Technical Sales, Incorporated,* 584 S.W.2d 563 (Tex.Civ.App. —Houston [14th Dist.] 1979, no writ). Accordingly, under Rule 434, T.R.C.P., we are required to render the judgment that the trial court should have rendered. Therefore, that part of the judgment disallowing attorney fees is reversed and judgment is here rendered awarding Bagley Produce Company $1,840.66 in attorney fees with interest from date of the trial court judgment (January 16, 1980) at 6%. Costs are assessed against defendant Ramirez.

Judgment of the trial court is AFFIRMED IN PART and REVERSED AND RENDERED IN PART.