NUMBER 13-02-006-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




VICC HOMEOWNERS' ASSOCIATION, INC.,
A TEXAS NON-PROFIT CORPORATION,                                   Appellant,

v.

LOS CAMPEONES, INC., ET AL.,                                               Appellees.




On appeal from the 107th District Court
of Cameron County, Texas.




CONCURRING OPINION
Before Justices Hinojosa, Yañez, and Castillo

Concurring Opinion by Justice Castillo

          The majority affirms the summary judgment in appellees' favor and reverses and
remands only the attorney fee award. I agree that remand is proper. 
          The purpose of the Uniform Declaratory Judgments Act is "to settle and to afford
relief from uncertainty and insecurity with respect to rights, status, and other legal
relations." Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (Vernon 1997). In its entirety,
the summary judgment order at issue states: 
ORDER
On the 22 day of October, 2001, came on to [sic] considered Plaintiffs'
Motion for Summary Judgment on their Petition for Declaratory Judgment. 
After considering the pleadings, the record and the evidence, this Court is of
the opinion that said Motion for Summary Judgment should be granted.
 
IT IS THEREFORE ORDERED, that Plaintiffs' Motion for Summary
Judgment on their Petition for Declaratory Judgment is GRANTED.
 
IT IS FURTHER ORDERED that Plaintiffs' [sic] be GRANTED
attorneys fees in the amount of $33,805.47. 
 
SIGNED on this the 22 day of October, 2001
This order does not declare the rights of the parties on any of the requested grounds in
appellees' live pleading or in their motion for summary judgment. Thus, remand is
appropriate to secure the trial court's declaration of the rights of the parties. See Garcia
v. Comm'rs Court of Cameron County, 101 S.W.3d 778, 785 (Tex. App.–Corpus Christi
2003, no pet.); Texas Water Comm'n v. Lindsey, 850 S.W.2d 183, 187 (Tex. App.
–Beaumont 1992, writ denied). 
          Moreover, an award of attorney fees must be based on statutory authority. We
strictly construe statutes providing for recovery of attorney fees. City of Austin v. Travis
County Landfill Co., 25 S.W.3d 191, 206-07 (Tex. App.–Austin 1999), rev'd on other
grounds, 73 S.W.3d 234 (Tex. 2002) (citing New Amsterdam Cas. Co. v. Tex. Indus., Inc.,
414 S.W.2d 914, 915 (Tex. 1967) and Van Zandt v. Fort Worth Press, 359 S.W.2d 893,
895 (Tex. 1962)). Any award of attorney fees in this case must find its authority in the
Uniform Declaratory Judgments Act. In a declaratory judgment action, the trial court "may
award costs and reasonable and necessary attorney's fees as are equitable and just." Tex.
Civ. Prac. & Rem. Code § 37.009 (Vernon 1997). Whether to award attorney fees under
the Act is within a trial court's sound discretion. Bocquet v. Herring, 972 S.W.2d 19, 21
(Tex. 1998). Prevailing-party status is not required. State Farm Lloyds v. C.M.W.,
53 S.W.3d 877, 894 (Tex. App.–Dallas 2001, pet. denied) (citing Barshop v. Medina
County Underground Water Conservation Dist., 925 S.W.2d 618, 637-38 (Tex. 1996)). 
Nonetheless, while the amount of the fee awarded is discretionary, that discretion is limited
by the Act's requirements that the award be "reasonable and necessary" and "equitable
and just." Tex. Civ. Prac. & Rem. Code § 37.009 (Vernon 1997); Bocquet, 972 S.W.2d
at 21. Reasonableness and necessity are matters of fact. Bocquet, 972 S.W.2d at 21. 
Equity and justice are committed to a trial court's discretion. Id. A trial court may abuse
its discretion by ruling arbitrarily, unreasonably, or without regard to guiding legal principles. 
Id. In other words, the Uniform Declaratory Judgments Act "entrusts attorney fee awards
to the trial court's sound discretion, subject to the requirements that any fees awarded be
reasonable and necessary, which are matters of fact, and to the additional requirements
that fees be equitable and just, which are matters of law." Id. In reviewing an attorney fee
award under the Act, this Court must determine both whether: (1) the trial court abused
its discretion by awarding fees based on insufficient evidence of reasonableness or
necessity; and (2) the award was inequitable or unjust. Id. "Unreasonable fees cannot be
awarded, even if the court believed them just, but the court may conclude that it is not
equitable or just to award even reasonable and necessary fees." Id. Thus, the Act
requires a multi-faceted review involving both evidentiary and discretionary matters. Id. 
          Here, the summary-judgment order does not declare the rights of the parties. 
Nonetheless, it awards attorney fees to appellees, the prevailing parties in the sense that
the order granted appellees' motion for summary judgment. The parties agree no
summary-judgment evidence on attorney fees was before the trial court at the time it
awarded the fees. Indeed, as a general rule, the trial court may consider only summary-judgment proof properly on file at the time of the hearing. Jack B. Anglin Co., Inc. v.
Tipps, 842 S.W.2d 266, 269 (Tex.1992). For the reasons stated by the majority, at the
time the trial court signed the summary judgment order, there was no evidence in the
record to support the amount of reasonable and necessary attorney fees. However, the
trial court granted appellees leave to prove up their attorney fees at a subsequent hearing
held concurrently with the hearing on VICC's motion for new trial. The trial court did not
rule on the merits of appellees' prove-up of their attorney fees, but it did not change the
amount of attorney fees awarded by the summary judgment order, either. 
          A claim for attorney fees under the Uniform Declaratory Judgments Act is not
severable from the merits of the declaratory judgment action itself. See Dalisa, Inc. v.
Bradford, 81 S.W.3d 876, 880 (Tex. App.–Austin 2002, no pet.). "'That a suit for the
statutory attorney's fees as a separate action could not be maintained is evident from the
wording of the statute. . . . The attorney's fees, while not costs, partake of the nature of
the costs of suit and are assessed in accordance with the judgment' reached in the
proceeding." Dalisa, Inc., 81 S.W.3d at 881 (quoting Huff v. Fidelity Union Life Ins. Co.,
312 S.W.2d 493, 501 (Tex. 1958)). I conclude that the reasonableness, necessity,
equitableness, and justness of an award of attorney fees in a declaratory judgment action
necessarily are related to the trial court's declaration of the rights of the parties. I would
hold that an award of attorney fees in this case must abide the declaration itself. Thus,
only after the trial court declares the parties' rights under the Uniform Declaratory
Judgments Act would I address whether the evidence is factually sufficient to support a
finding that the fees are reasonable and necessary and determine if the award is equitable
and just. 
          
                                                                           ERRLINDA CASTILLO
                                                                           Justice

Concurring opinion delivered
and filed this 19th day of August, 2004.